State of Connecticut *v.* Walter J. Gelinas

Alcorn, C. J., House, Thim, Ryan and Shapiro, Js.

Argued January 7—decided January 26, 1971

*William L. Tobin,* with whom was *Pasquale Palumbo,* for the appellant (defendant).

*Thomas F. Wall,* state's attorney, for the appellee (state).

House, J. The defendant has appealed from his conviction on two counts each of indecent assault; General Statutes § 53-217; and risk of injury to a

minor child. General Statutes § 53-21. The offenses concerned his relations with two young girls, sisters, living in the house where the defendant resided. We find that our decision on one of the defendant's several assignments of error is dispositive of this appeal.

The only direct evidence of the incidents giving rise to the charges against the defendant was that of the two girls. Each of them testified to separate incidents involving the conduct of the defendant with her alone and, in accord with the "constancy of accusation" exception to the hearsay rule, the complaint of each was corroborated by the testimony of witnesses to whom each had related the circumstances of the defendant's conduct with her. See *State* v. *Purvis,* 157 Conn. 198, 207, 251 A.2d 178, cert. denied, 395 U.S. 928, 89 S. Ct. 1788, 23 L. Ed. 2d 246, and cases cited therein. In these circumstances the veracity of the girls became a crucial question for determination by the jury.

In the course of his defense the defendant called as a witness Mrs. Jeannine Rousseau, who testified that she was on close terms with the girls and had had frequent opportunities to observe them and their habits. She was then asked: "With reference to Claudette did you ever have occasion to observe her capacity for telling the truth or telling lies?" The court thereupon sustained an objection by the state to which the defendant duly excepted. The defendant has assigned this ruling as error.

From the colloquy between the court and defense counsel it is apparent that both were laboring under the misapprehension that in such circumstances, in Connecticut, the veracity of the witness could be attacked by evidence of the witness' general reputation in the community for veracity but not by testi-

mony from a witness testifying from personal knowledge as to that veracity.[1]

The mutual error of the defense counsel and the court undoubtedly stemmed from their recollection of the general common-law rule which limited the testimony of character witnesses to the subject's general reputation in the community for the particular trait in issue. See 29 Am. Jur. 2d, Evidence, § 345; McCormick, Evidence § 158, p. 334 n.9. But, "Connecticut, in *Richmond* v. *Norwich,* 96 Conn. 582, 593, 115 A. 11, adopted the better, although probably still the minority, rule that character may also be proved by the opinion evidence of those who have been shown to have had an opportunity to form, and who have formed, an opinion as to the character of the . . . [individual] with respect to the trait or traits in issue. This rule is approved in 29 Am. Jur. 2d, Evidence, § 345; 7 Wigmore, . . . [Evidence (3d Ed.)] §§ 1980, 1981; McCormick, . . . [Evidence] § 158, p. 334 n.9. The whole question was elaborately discussed in the *Richmond* case and its holding is equally applicable whether the character is to be proved in a civil or a criminal case." *State* v. *Blake,* 157 Conn. 99, 104, 249 A.2d 232; see also 7 Wigmore, Evidence (3d Ed.) §§ 1982, 1986. As the court observed in *Richmond* v. *Norwich,* 96 Conn. 582, 594, 115 A. 11, "No one knows so well about this . . .

---

[1] "The Court: [Y]ou are asking one witness for her version of the capacity of this girl to tell the truth.

"Mr. Tobin (defense counsel): That's right.

"The Court: And there is no law supporting that.

"Mr. Tobin: Well, I don't know of any law supporting it. I submit Your Honor that this would be the preferable law in the case of a child whose veracity and probity is of utmost importance in the case.

"The Court: Well, you couldn't use that rule, counselor, with respect to an adult.

"Mr. Tobin: That's correct. That's correct. Because . . . ."

[characteristic] as he who has known the person and had the opportunity to determine it. How much more convincing is such evidence than that of a witness who testifies to the general repute of this person as to this mental characteristic. His testimony is based upon hearsay, and quite likely rumor and gossip. If mental characteristic is a fact, there is no valid reason why this fact may not be proved by any witness who knows what it is. Personal observation and personal knowledge are a more trustworthy reliance than general reputation." The rule as adopted in Connecticut has been approved by Model Code of Evidence rules 306 (2) (a) and 401.

It is clear from the record that neither the court nor counsel followed the procedure prescribed by § 226 of the Practice Book with respect to objections to the introduction of evidence. See also the discussion in *Casalo* v. *Claro,* 147 Conn. 625, 628, 165 A.2d 153. Nevertheless, it is also clear from the colloquy as printed in footnote one, that the court was fully apprised of the purpose of the defendant's inquiry and excluded the inquiry on the erroneous ruling that there was no law supporting its admissibility. Under the circumstances where a determination of the guilt or innocence of the defendant depended in large measure on the veracity of the children testifying against him it cannot be said that the ruling was harmless error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.