STATE OF CONNECTICUT *v.* ROY M. MARTIN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and MACDONALD, JS.

Argued October 17, 1975—decision released February 3, 1976

*Francis J. Foley III,* special public defender, with whom, on the brief, was *Michael E. Driscoll,* for the appellant (defendant).

*Edmund W. O'Brien,* state's attorney, for the appellee (state).

LOISELLE, J.  A jury found the defendant guilty of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1) and of assault in the third degree in violation of § 53a-61.  He has appealed from the judgment rendered on the verdict.  The claims of error relate to the admission of certain evidence at the trial.

During the trial, the complaining witness testified that, on February 27, 1974, at about 2 p.m., the defendant, while holding a jackknife, forced his way into the hallway of the two-family home in which she lived.  In the ensuing struggle, the defendant knocked the witness to the floor where he held her for a short time.  He subsequently released the witness and left the building through the front door. After his departure, she noticed a cut across the palm of her hand.

The defendant first claims that, on the cross-examination of the defendant's father, the court erred by allowing questions regarding specific incidents relating to character traits of the accused. During his examination-in-chief, the defendant's father was asked:  "[A]re you familiar with his [the defendant's] reputation in the community in regard to the traits of peacefulness or nonviolence?" The father answered:  "I have never known him to perform any violent act or—He is not aggressive in any way.  He never raised a hand to anyone to my knowledge."  Counsel's question called for an

answer regarding the accused's general reputation for the trait. The witness, however, responded with an opinion as to the trait. The state did not object to the answer and it was therefore opinion evidence to be considered by the jury.

If the accused offers evidence of a trait of character as circumstantial evidence to prove that he acted in conformance with that trait and that it is unlikely he committed the crime charged, then the prosecution may offer evidence to disprove the existence of the trait. *State* v. *Campbell,* 93 Conn. 3, 10, 104 A. 653; *State* v. *Gilligan,* 92 Conn. 526, 531, 103 A. 649. Character may be proved by testimony concerning the accused's general reputation in the community as to the trait. *State* v. *Blake,* 157 Conn. 99, 104, 249 A.2d 232. The law in this state also allows proof of character by the testimony of those who have had an opportunity to form, and have formed, an opinion as to whether the accused possessed a particular character trait. *State* v. *Gelinas,* 160 Conn. 366, 368, 279 A.2d 552; *State* v. *Blake,* supra, 104; see *Richmond* v. *Norwich,* 96 Conn. 582, 593, 115 A. 11, for the reasoning behind the rule; see also 7 Wigmore, Evidence (3d Ed.) §§ 1980, 1986. Whether or not the accused produces testimony of reputation or opinion to prove a trait, the prosecution may not use specific acts of misconduct to disprove the trait. *Richmond* v. *Norwich,* supra, 597; *State* v. *Gilligan,* supra; see *Verdi* v. *Donahue,* 91 Conn. 448, 454, 99 A. 1041, for the rationale of this rule.

On cross-examination of the witness, the state, over objection, asked the witness if he knew that the defendant had made an obscene telephone call and that the defendant had been apprehended by

police officers when he failed to pay his bill at a restaurant. The state also asked the witness if he knew whether the defendant had been aggressive during the latter incident. The character of the cross-examination can be illustrated by the following question asked by the state's attorney: "Q: So that in terms of just those specific instances, isn't it fair to say that in those two matters I have mentioned, your determination and opinion in terms of his aggressive traits—A: Right. Q:—are limited to what he told you and not what other witnesses to the event told you?" From the state's offer of proof concerning the cross-examination of the witness, it is apparent that the state's attorney wanted to test the basis of the witness' opinion, not to disprove the existence of the trait by proof of specific acts.[1]

The opinion of a good-character witness must have some basis and the prosecution is allowed to test that basis. *People* v. *Hurd,* 5 Cal. App. 3d 865, 880, 85 Cal. Rptr. 718. See *Atwood* v. *Atwood,* 84 Conn. 169, 173, 79 A. 59; *Richmond* v. *Norwich,* supra, 595, quoting *Spencer's Appeal,* 77 Conn. 638, 643, 60 A. 289. See also *Michelson* v. *United States,* 335 U.S. 469, 479, 69 S. Ct. 213, 93 L. Ed. 168. There is a distinction between the prosecution's use of specific acts in rebuttal to disprove the trait in

---

[1] During cross-examination, defense counsel said he had no objection if the state's attorney wished to attack the defendant's character in the traditional way, but he did object because specific actions were not generally allowed to rebut evidence of good character. The state's attorney replied that the witness had gone further than giving the defendant's reputation. The state's attorney continued: "[I]t seems to me I can cross-examine him and test whether when he says that his boy has never been aggressive, never raised a hand to anyone, whether or not the incidents in the man's life of which he must know, if he investigated—"

question and the prosecution's use of specific acts in the cross-examination of a character witness. When a character witness has given his opinion as to a particular trait, the state may cross-examine that witness concerning specific acts, not to prove the truth of such facts, but to test the credibility of the character witness by ascertaining his good faith, his source and amount of information and his accuracy. See *Michelson* v. *United States,* supra; *United States* v. *Curry,* 512 F.2d 1299, 1305 (4th Cir.), cert. denied, 423 U.S. 832, 96 S. Ct. 55, 46 L. Ed. 2d 50; *United States* v. *Beno,* 324 F.2d 582, 588 (2d Cir.), cert. denied, 379 U.S. 880, 85 S. Ct. 147, 13 L. Ed. 2d 86; and see cases cited in annotation, 47 A.L.R.2d 1258, 1274–77. The question should not be extended to the details of the acts. See *Magee* v. *State,* 198 Miss. 642, 650, 22 So. 2d 245; *State* v. *Carroll,* 188 S.W.2d 22, 24 (Mo.); *Schroeder* v. *State,* 142 Tex. Crim. 443, 447, 154 S.W.2d 480. When, on cross-examination, questions as to specific acts are asked for that purpose, they are not objectionable. The purpose of the cross-examination in the present case, as stated by the state's attorney, was not to prove that certain acts occurred, and thereby disprove a trait of character, but to test the witness' concept of the character trait, the extent of his observations, and the good faith with which he testified.

The defendant also claims that the testimony concerning those incidents was prejudicial and irrelevant to the trait of nonviolence. Evidence of an accused's trait of character must be relevant to an element of the crime charged. *State* v. *Blake,* 157 Conn. 99, 104, 249 A.2d 232; *State* v. *Campbell,* 93 Conn. 3, 10, 104 A. 653. Likewise, when the prosecutor attacks the basis of the witness' opinion by

questioning him as to his knowledge of specific acts, such acts must be relevant to those traits. See *Aaron* v. *United States,* 397 F.2d 584, 585 (5th Cir.); *People* v. *Marsh,* 58 Cal. 2d 732, 745, 376 P.2d 300. The determination of relevance must be made according to reason and judicial experience. *Robinson* v. *Faulkner,* 163 Conn. 365, 371, 306 A.2d 857. That determination requires the exercise of the court's discretion. *State* v. *Blyden,* 165 Conn. 522, 531, 338 A.2d 484.

"In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." *State* v. *Brown,* 169 Conn. 692, 702, 364 A.2d 186. "[T]he ultimate issue is whether the court could reasonably conclude as it did." *DiPalma* v. *Wiesen,* 163 Conn. 293, 299, 303 A.2d 709. The testimony in this case discloses that a man assaulted a woman. It cannot be said that the court abused its discretion by deeming relevant the incidents of the obscene phone call and the arrest.

As to the prejudicial effect of the testimony, the trial judge, in the exercise of judicial discretion, must decide whether the probative value of the testimony outweighs the prejudice likely to result from its admission. *State* v. *Ralls,* 167 Conn. 408, 417, 356 A.2d 147; *State* v. *Moynahan,* 164 Conn. 560, 597, 325 A.2d 199. It cannot be said that on the facts of this case the conclusion reached by the judge after balancing these factors was in error. The court was not in error in allowing the state to cross-examine the character witness by referring to specific acts of the accused.

The defendant's final claim is that the court erred by admitting the testimony of three police officers because it was evidence of specific acts of misconduct used to attack his character trait of nonviolence.

In rebuttal, and over objection, the state called three police officers to testify about the incident at the restaurant. The officers testified that, during the incident, they arrested the defendant for larceny in the fourth degree and for breach of the peace, and that, upon apprehension, the defendant struggled and managed to knock all three officers to the ground. The officers said they finally handcuffed the defendant and took him to the police station.

As previously stated, the prosecution cannot rebut the accused's evidence of a good-character trait with evidence of specific acts of misconduct. *Richmond* v. *Norwich*, 96 Conn. 582, 597, 115 A. 11; *State* v. *Gilligan*, 92 Conn. 526, 531, 103 A. 649. In the offer of proof accompanying the police officers' testimony, the state's attorney said: "The state's claim is that this is rebuttal to the testimony offered by the defendant that he was not aggressive . . . ." It is clear from the statement made by the state's attorney that the aim of the officers' testimony was to disprove a trait of character. Although the aim is relevant and proper, the method of proof, testimony concerning specific acts, is erroneous.

If this evidential ruling could have reasonably affected the jury's verdict, it was harmful and constitutes reversible error. *State* v. *Tropiano*, 158 Conn. 412, 427, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288. The police

officers' testimony was extensive and detailed. The admission of this evidence could reasonably have affected the verdict.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.