## State of Connecticut *v.* Peter Benjamin

### Appellate Session of the Superior Court

File No. 154

Argued November 18, 1975—decided April 2, 1976

*John R. Williams,* for the appellant (defendant).

*Richard A. Damiani,* assistant prosecuting attorney, for the appellee (state).

DAVID M. SHEA, J. After a jury trial the defendant was found guilty of larceny in the fourth degree. The state presented evidence that the defendant had stolen a purse which the owner had placed on a table near a public telephone which she was using at the New Haven YWCA building. The defendant was identified by the owner and another witness as the person who had grabbed the purse from the table and run out of the building. The defendant presented a defense of alibi at the trial.

The defendant claims error in the charge to the jury and in the admission of certain evidence. No exception to the charge was taken or request to charge submitted in respect to the portion of the charge claimed as error, as required by Practice Book § 249, nor was any objection raised or exception taken with respect to the evidence claimed to have been inadmissible, as required by Practice Book § 226. In fact, counsel for the defendant complimented the trial judge on his charge to the jury.

The failure to file a request or to take exception to the charge as given greatly restricts our review of the error claimed in the charge. Our practice "does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even

considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal." *State* v. *Van Valkenburg,* 160 Conn. 171, 174, citing *State* v. *Taylor,* 153 Conn. 72, 86. "Only in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69; *State* v. *Simms,* 170 Conn. 206, 208; *State* v. *Anonymous (1976-4),* 33 Conn. Sup. 505. The defendant claims the benefit of the exceptional circumstances which would apply where "the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* supra, 70.

It is claimed that it was such fundamental error for the trial court, even in the absence of a request, to have failed to instruct the jury explicitly that identification was an essential element of the crime and that it must be satisfied beyond a reasonable doubt with the accuracy of the identification testimony. A charge of that kind has been approved. *State* v. *Mullings,* 166 Conn. 268, 276. In some of the federal courts such a charge, embellished with commentary about the pitfalls of identification testimony, has been formulated for use as a standard instruction, even without a request, in cases where identification is a major issue. *United States* v. *Holley,* 502 F.2d 273 (4th Cir.); *United States* v. *Telfaire,* 469 F.2d 552, 557 (D.C. Cir.); *Macklin* v. *United States,* 409 F.2d 174, 178 (D.C. Cir.). The absence of such an instruction, prior to the announcement of the rule, where the charge is otherwise adequate, has not been regarded as sufficient ground for a reversal. *Macklin* v. *United States,* supra. Under certain circumstances, however, the failure to give a properly drafted instruction upon request may be treated as reversible

error. *United States* v. *Fernandez,* 456 F.2d 638, 643–44 (2d Cir.). The fact that the federal courts which have chosen to adopt the rule have given it only a prospective application, where no request was made at the trial, indicates that its absence has not been viewed as depriving a defendant of a "fundamental constitutional right and a fair trial." See *State* v. *Evans,* supra, 70.

The charge given by the trial court in this case was entirely adequate and dealt specifically with the issue of identification at several points. The jury were told that the "state must prove that he [the accused] did it." Reference was made to the lighting conditions, the ability of each witness to observe the defendant, the distance of the witness from the defendant, the alibi evidence offered by the defendant and his denial "that he in any way was the person who allegedly committed this offense." It is abundantly clear that the attention of the jury was sufficiently focused on the identification issue by the charge. Whether further highlighting of the subject in accordance with the practice of some of the federal courts would have been desirable or necessary if a proper request had been filed or exception taken, we have no occasion to decide. The claimed deficiency in the charge clearly did not deprive the defendant of any constitutional right. The failure to file any request or to except to the charge as given precludes any further review of that claim of error.

The failure to object to the evidence, let alone take a proper exception to the evidence claimed to have been improperly admitted, as required by Practice Book § 226, similarly limits our review of the assignments of error. "We . . . view with disfavor the failure of counsel to except properly, whether because of a mistake of law, inattention or design, and thereafter, if the outcome of the trial

proves unsatisfactory, to assign such errors as grounds of appeal." *State* v. *Hawkins,* 162 Conn. 514, 517. In the absence of an exception appellate review of rulings on evidence has been consistently refused. *State* v. *Malley,* 167 Conn. 379, 383; *State* v. *Ferraro,* 164 Conn. 103, 106; *State* v. *Anonymous (1976–4),* 33 Conn. Sup. 505. Our inquiry, therefore, is limited to ascertaining whether the record supports a claim that the defendant was deprived of a "fundamental constitutional right and a fair trial." *State* v. *Evans,* 165 Conn. 61, 70.

The error assigned in permitting the state to cross-examine the mother of the defendant about his prior conviction for theft and to introduce the record of that conviction raises no constitutional issue. That witness had testified on direct examination about the good character of the defendant as a "typical teenage boy." On cross-examination, without either objection or exception, she admitted knowing that the defendant had pleaded guilty to stealing a box of cookies. The record of the conviction was then introduced without objection to show a conviction of the defendant for shoplifting. That conviction, being for a misdemeanor only, would not have been admissible under General Statutes § 52-145[1] to attack the credibility of the accused, who did testify at the trial. It was permissible, however, for the state to attack his character in order to refute the evidence which he had offered on that subject. See *State* v. *Padula,* 106 Conn. 454, 459; *State* v. *Gilligan,* 92 Conn. 526, 531. It is also generally held that on cross-examination of a wit-

[1] "[General Statutes] Sec. 52-145. INTERESTED WITNESS NOT DISQUALIFIED; CREDIBILITY. No person shall be disqualified as a witness in any action by reason of his interest in the event of the same as a party or otherwise, or of his disbelief in the existence of a supreme being, or of his conviction of crime; but such interest or conviction may be shown for the purpose of affecting his credit." See *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472.

ness who has attested to the good character of the defendant some restricted inquiry may be made concerning any knowledge the witness may have of particular misconduct by the defendant in order to discredit the basis for the favorable opinion given by the witness. 3A Wigmore, Evidence (1970 Chadbourn Rev.) § 988; McCormick, Evidence § 158. "When a character witness has given his opinion as to a particular trait, the state may cross-examine that witness concerning specific acts, not to prove the truth of such facts, but to test the credibility of the character witness by ascertaining his good faith, his source and amount of information and his accuracy." *State* v. *Martin,* 170 Conn. 161, 165.[2] It is clear that no question of constitutional dimensions is presented by that claim of error.

The other ruling assigned as error relates to the inquiry of the defendant on cross-examination, again without objection or exception, as to whether any of the persons whose names had been mentioned by the defendant in support of his alibi were in the courtroom. The defendant argues that that question was an infringement upon his constitutional right to remain silent in that it implied that he was under an obligation to produce those witnesses. The cases cited in support of that claim involve the right of the defendant to rely on the presumption of innocence as well as various forms of comment by the prosecution upon failure of the defendant to testify in violation of the doctrine of *Griffin* v. *California,* 380 U.S. 609. Since the defendant chose to testify, there could have been no infraction of those principles. Also, the mere inquiry as to whether the persons named were in the courtroom could hardly be construed as an unfavorable

---

[2] It would appear that a holding to the contrary in *Verdi* v. *Donahue,* 91 Conn. 448, 454, has been overruled sub silentio by *State* v. *Martin,* supra.

comment on failure to produce them as witnesses. The prosecutor might well have considered calling them as witnesses in regard to the defendant's alibi if they were in the courtroom.

Even if that question were to be regarded as a comment on the failure to produce an available witness in support of the defendant's alibi, we are not aware of any authority prohibiting such comment. The privilege against self-incrimination would not be involved, particularly where the accused has testified, as in this case. Prosecutorial comment on such a deficiency in a defense of alibi has commonly been sanctioned. *People* v. *Rosoto*, 58 Cal. 2d 304; *Commonwealth* v. *Wright*, 444 Pa. 536.

There is no error.

In this opinion SPEZIALE and SPONZO, Js., concurred.