## STATE OF CONNECTICUT v. SIMON OSTOLAZA
## (5996)

DALY, STOUGHTON and NORCOTT, Js.

Argued June 9—decision released September 19, 1989

*James J. Nixon,* with whom, on the brief, was *Penny Q. Seaman,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Juliett Crawford,* assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of conviction rendered after a jury trial on an information alleging, in counts one through eight, sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and, in counts nine through sixteen, risk of injury to a child in violation of General Statutes § 53-21. He raises the following four claims of error on appeal: (1) the prosecutor's misconduct during the trial deprived him of his constitutional right to an impartial jury and a fair trial; (2) the trial court erred in allowing the prosecution to raise the defendant's prior conviction of robbery during the cross-examination of a noncharacter defense witness; (3) the trial court erred in its instruction to the jury by removing an essential element of the crime from its consideration; and (4) the trial court erred by failing to give the jury a fact specific unanimity charge. We find error in part.

The jury could reasonably have found the following facts. For several years, the defendant spent much of his time in the company of minor boys, including the two victims who testified at trial. He would allow the boys access to his house and the boys would go there frequently. He would take them to various places including church, the beach and the park.

On April 21, 1986, thirteen year old J was alone with the defendant in the defendant's bedroom. The defendant asked J to allow him to perform fellatio on him, and J permitted the defendant to do so. The defendant gave J $10 after the completion of the act. On

April 30, in his living room, the defendant again performed fellatio on J. The defendant also asked J to engage in anal intercourse with him, but J refused.

During the months of March and April, 1986, the defendant performed fellatio on another thirteen year old victim, M, while they were alone in the defendant's apartment. There were between five and twenty of these encounters. M, upon the defendant's request, engaged in anal intercourse with the defendant on more than one occasion. The defendant sometimes would give M money after the acts were completed.

On April 30, 1986, the date of one of the alleged sexual assault incidents involving J and the defendant, J's mother and her friend went to the defendant's house to find J. There they observed the defendant, J, and six or seven other children who appeared to be under the influence of alcohol or drugs. The women detected the odor of marihuana and observed beer cans in the apartment. J said that the defendant sent him to buy drugs. M said that while at the defendant's home he had consumed beer and smoked marihuana.

Other minor boys who associated with the defendant testified that he never had acted in an inappropriate manner toward them, and they felt confident that he would not have done the things with which he was charged. In addition to the boys, several parents and grandparents testified that they had the utmost confidence in the defendant and, given their knowledge of and association with him, they would have no reservations in allowing their children to be in the defendant's company.

I

The defendant first claims that the prosecutor's misconduct, alleged to have occurred repeatedly throughout the trial and particularly during her summation,

deprived him of his state and federal constitutional rights to a fair trial.[1] The defendant concedes that he failed properly to preserve this claim during trial, but argues that it should be reviewed under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), or the plain error doctrine. Practice Book § 4185.

"Review of unpreserved claims of prosecutorial misconduct has been reserved for instances where the claimed misconduct was part of a pattern of misconduct repeated throughout the trial or was blatantly egregious. *State* v. *Williams,* 204 Conn. 523, 537, 529 A.2d 653 (1987); *State* v. *Reddick,* 15 Conn. App. 342, 354–55, 545 A.2d 1109, cert. denied, 209 Conn. 817, 551 A.2d 758 (1988)." *State* v. *Horne,* 19 Conn. App. 111, 128, 562 A.2d 43 (1989). Our review of the record with regard to all but one of the defendant's asserted claims of misconduct does not convince us that the prosecutor engaged in "a pattern of repeated, strident and serious misconduct"; *State* v. *Rodgers,* 207 Conn. 646, 653, 542 A.2d 1136 (1988); or that the prosecutor's comments and inferences constituted the type of " 'character assassination and vitriolic personal attacks that [our Supreme Court has] held to constitute a denial of the constitutional due process right [and] a fair trial.' " *State* v. *Smith,* 209 Conn. 423, 429, 551 A.2d 742 (1988), quoting *State* v. *Rodgers,* supra, 654.

One of the challenged remarks, however, implicates the defendant's right to have the state prove his guilt

---

[1] The defendant has launched a scattershot attack, claiming, for example, that in the prosecutor's closing argument she "made highly inflammatory comments, referred to facts not in evidence, misstated pertinent evidence, vouched for the truthfulness of the victim's stories, negatively opined as to the credibility of defense witnesses, inferred that defense witnesses had lied, suggested that the defendant and certain defense witnesses had coerced other witnesses not only to testify favorably for the defense but also to switch from being a state's witness to a defense witness, shifted the burden of proof, and opined as to the guilt of the defendant."

beyond a reasonable doubt. See *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The defendant contends that the prosecutor, in her remarks to the jury, shifted the burden of proof of guilt from the state to the defendant.

In her closing argument, the prosecutor said, "The role of the defense counsel is to put doubt in your mind." In her rebuttal, she reiterated, "Defense counsel's role is to create some kind of doubt in your minds. He is creating confusion, and I think he is doing an admirable job."

Although the defendant characterizes these remarks as having shifted the burden of proof, we conclude that, the comments, at worst, had the potential of misleading the jury on this issue. The two challenged remarks were only isolated instances in the state's lengthy summation. Against these comments, the trial court gave the jury thorough and proper instructions on the burden of proof and the presumption of innocence.[2] We conclude that any possible misleading effect of the prosecutor's isolated remarks was cured by the court's instructions and did not affect the fairness of the trial.

[2] The following are excerpts of the trial court's charge to the jury: "Certain things are not evidence . . . you may not consider them in deciding what the facts are.

"These things include the arguments and statements of the lawyers. . . .

"The burden of proving the defendant guilty of the crimes with which he stands charged is upon the state. The defendant does not have to prove his innocence.

"This means that the state must prove beyond a reasonable doubt, and I will define that term for you later, each and every element of the crime charged. . . .

"As I said earlier in this case and in all criminal cases, the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. . . .

"It is not enough for the state to make out a case of probable guilt, but the burden on the state, which never shifts, is to prove the accused guilty beyond a reasonable doubt. . . ."

Because we conclude that the prosecutor's actions did not rise to the level of an exceptional circumstance as contemplated in *State* v. *Evans,* supra, and its progeny, and that they did not precipitate a "truly extraordinary [situation] where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings"; *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); in which plain error is noticed, we decline further review of this claim.

## II

The defendant next claims that the trial court erred in permitting the prosecution to ask a defense witness if his opinion of the defendant would change if he knew that the defendant had been convicted of a felony. The defendant objected and excepted to this question. The defendant concedes that the defendant's prior conviction is admissible on cross-examination of a character witness to test the credibility of that witness. He claims, however, that the defense witness questioned, V, was not a character witness.

"Character may be proved by testimony concerning the accused's general reputation in the community as to the trait. . . . The law in this state also allows proof of character by the testimony of those who have had an opportunity to form, and have formed, an opinion as to whether the accused possessed a particular character trait." (Citation omitted.) *State* v. *Martin,* 170 Conn. 161, 163, 365 A.2d 104 (1976). Although the defendant claims that V was not a character witness, defense counsel established that V had enough knowledge of the defendant upon which to base an opinion about him. On direct examination, defense counsel asked V, "Ever since you have known him, would you believe he has done something wrong since you have known him," to which V responded, "He would not do that."

Although there is no talismanic question that marks a witness as a character witness, the context of the question and answer in the present case leads to our conclusion that the trial court properly concluded that the witness was a character witness.[3] Defense counsel's questions would have been irrelevant if he did not intend the witness' responses to relate to the defendant's character. Defense counsel was clearly asking V if, on the basis of his opinion of the defendant, he felt the defendant could have committed the alleged acts. We conclude that the defendant's argument that V was not a character witness is without merit.

Having concluded that the trial court did not err in labeling V a character witness for the purpose of deciding the parameters of the cross-examination, we find no error in the admission of questions regarding the defendant's convictions. "If the accused offers evidence of a trait of character as circumstantial evidence to prove that he acted in conformance with that trait and that it is unlikely he committed the crime charged, then the prosecution may offer evidence to disprove the existence of the trait." *State* v. *Martin,* supra; *State* v. *Apostle,* 8 Conn. App. 216, 229, 512 A.2d 947 (1986). "When a character witness has given his opinion as to a particular trait, the state may cross-examine that witness concerning specific acts, not to prove the truth of such facts, but to test the credibility of the character witness by ascertaining his good faith, his source and amount of information and his accuracy. . . . When, on cross-examination, questions as to specific acts are asked for that purpose, they are not objectionable."(Citations omitted.) *State* v. *Martin,* supra, 165.

---

[3] During the direct examination, defense counsel asked foundational questions such as, "[h]ave you spent a lot of time with Mr. Ostolaza," "[d]o you feel he was like a member of your family," and "[w]ould you say that you know him pretty well?"

## III

The defendant's third claim of error is that the trial court erred in its instructions to the jury on the elements of risk of injury. The defendant claims that the trial court removed an essential element of the crime from the jury's consideration. The defendant did not file a request to charge or except to the jury instructions. Acknowledging that this claim has not been properly preserved for appellate review, the defendant seeks review under *State* v. *Evans,* supra, claiming that he was denied his right to a fair trial. Because the defendant's claim involves his fundamental right to a fair trial and the requirement that the state must prove each element of the crime charged, we review his claim under *Evans. State* v. *Vessichio,* 197 Conn. 644, 648–49, 500 A.2d 1311 (1985), cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986); *State* v. *Payne,* 12 Conn. App. 408, 411–12, 530 A.2d 1110 (1987).

When the crime of risk of injury involves the allegation of an act, it requires proof beyond a reasonable doubt of the following elements: (1) that the victim was less than sixteen years old; (2) that the defendant perpetrated an act upon the victim; (3) that the act was likely to be injurious to the victim's health; and (4) that the defendant had a general criminal intent to perform the act. See General Statutes § 53-21;[4] *State* v. *Martin,* 189 Conn. 1, 7–8, 454 A.2d 256, cert. denied, 461 U.S. 933, 103 S. Ct. 2098, 77 L. Ed. 2d 306 (1983).

---

[4] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

The defendant claims that the trial court erred in instructing the jury that "[i]t is the act itself which determines whether or not there has been a violation of the statute." The defendant argues that this instruction removed from the jury's consideration the issue of whether the act was likely to impair the morals and health of children. In order to determine whether the challenged statement was, in fact, error, we must look at the charge as a whole, without looking at any one statement in isolation. *State* v. *Quintana,* 209 Conn. 34, 51, 547 A.2d 534 (1988); *State* v. *Petterson,* 17 Conn. App. 174, 184, 551 A.2d 763 (1988).

The trial court's instruction actually read as follows: "[T]he second class of conduct refers to doing an act likely to impair the health or morals of the child . . . . Under this part the defendant need not specifically intend to impair the health or morals of the child. It is the act itself which determines whether or not there has been a violation of the statute. The inquiry under the second provision is whether the defendant did any act which was likely to impair the morals of the child." Examining the trial court's challenged instruction in the context of the entire charge, we find that the trial court instructed the jurors that, if they found that the act was likely to impair the health and morals of the child, and the defendant intended the act, then the state had met its burden. It is clear that the trial court did not remove from the jury's consideration the element that the act must be likely to impair the health and morals of the minor boys.

The defendant's claim that this issue constitutes plain error is unpersuasive as well. As stated above, review under the plain error doctrine is reserved for extraordinary cases in which the error is so obvious that it affects the fairness and integrity of the trial. *State* v. *Hinckley,* supra, 87. That is not so in the present case, and we conclude that the claim of plain error is without merit.

## IV

The defendant's final claim is that the trial court erred in failing to instruct the jurors that they were required to agree unanimously on the defendant's conduct that constituted risk of injury to a child in violation of General Statutes § 53-21. Once again, the defendant contends that this claim is reviewable under *State* v. *Evans,* supra, even though trial counsel did not properly preserve the claim for appeal by requesting a specific unanimity charge or excepting to the charge delivered by the court. Practice Book §§ 852, 854. Recently, our Supreme Court held that "because the right to a unanimous verdict is a fundamental right and implicates the defendant's right to a fair trial, we will review an unpreserved claim that the trial court's instructions violated the defendant's right to a unanimous verdict. *State* v. *Suggs,* 209 Conn. 733, 760, 553 A.2d 1110 (1989); *State* v. *Evans,* [supra]." *State* v. *Spigarolo,* 210 Conn. 359, 388, 556 A.2d 112 (1989). We therefore review this claim to determine whether the defendant's rights were violated and, if so, whether the judgment must be reversed.

The defendant was charged with, and the state presented evidence on, eight counts of risk of injury. On seven of those, the state attempted to show that the defendant had engaged in sexual acts with the victims. As to the remaining risk of injury count, the tenth count, however, the state presented evidence that the defendant had performed a sexual act with the victim, J, and that, on the same day, J had attended a party given by the defendant at which the defendant had provided a number of boys access to alcohol and marihuana.[5]

---

[5] Because the jury was presented with evidence only of sexual acts on the other seven counts in the information charging the defendant with committing the crime of risk of injury to a child, the defendant was not entitled to a specific unanimity instruction on those counts.

The sixth amendment to the United States constitution guarantees criminal defendants charged with committing nonpetty offenses the right to a unanimous verdict when the jury consists of six members. *Burch* v. *Louisiana,* 441 U.S. 130, 138, 99 S. Ct. 1623, 60 L. Ed. 2d 96 (1979); *State* v. *Bailey,* 209 Conn. 322, 332, 551 A.2d 1206 (1988); *State* v. *Benite,* 6 Conn. App. 667, 671, 507 A.2d 478 (1986); see Practice Book § 867.[6] " 'In essence, the unanimity requirement as enunciated in [*United States* v. *Gipson,* 553 F.2d 453 (5th Cir. 1977)] and its progeny requires the jury to agree on the factual basis of the offense. The rationale underlying the requirement is that a jury cannot be deemed to be unanimous if it applies inconsistent factual conclusions to alternative theories of criminal liability.' *State* v. *Bailey,* supra, 334. ' "Where a trial court charges a jury that the commission of any one of several alternative acts would subject a defendant to criminal liability, a unanimity charge on a specific act is required only if two conditions are met: (1) the alternative acts are *conceptually distinct* from each other; *and* (2) the state has presented *supporting evidence* on each alternative act. *State* v. *Benite,* supra, 674–75." (Emphasis in original.) [*State* v. *Flynn,* 14 Conn. App. 10, 38, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988)].' *State* v. *Bailey,* supra, 334." *State* v. *Spigarolo,* supra, 389–90.

Our Supreme Court has construed General Statutes § 53-21 " 'to proscribe two general types of behavior likely to injure physically or to impair the morals of a minor under sixteen years of age: (1) deliberate indifference to, acquiescence in, or the creation of situations inimical to the minor's moral or physical welfare . . . and (2) acts directly perpetrated on the person of the minor and injurious to his moral or physical well-being.'

---

[6] Practice Book § 867 provides in relevant part: 'The verdict shall be unanimous and shall be announced by the jury in open court."

(Citation omitted.) *State* v. *Dennis,* 150 Conn. 245, 250, 188 A.2d 65 (1963)." *State* v. *James,* 211 Conn. 555, 582, 560 A.2d 426 (1989).

By offering evidence that, on April 30, 1986, the defendant engaged in a sexual act with the victim, J, and also entertained J and other minor boys at a party at which alcohol and marihuana were made available, the state presented to the jury both types of conduct proscribed under § 53-21. Because the trial court did not charge the jury that they were required to agree unanimously on which of the two alleged types of behavior they found the defendant committed, or that the defendant committed both of the proscribed behaviors, a reasonable possibility remains that not all of the jurors convicted the defendant on the basis of the same actus reus.

There is error in part, the judgment of conviction on the tenth count alone is set aside and the case is remanded to the trial court for a new trial on that count.

In this opinion the other judges concurred.