STATE OF CONNECTICUT *v.* ABDULLAH SHEHADEH
(AC 17396)

O'Connell, C. J., and Spear and Dupont, Js.

Argued December 9, 1998—officially released February 23, 1999

*Norman A. Pattis*, for the appellant (defendant).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Eugene Calistro*, assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Abdullah Shehadeh, appeals from the judgment of conviction, rendered after a jury trial, of interfering with an officer in violation of General Statutes § 53a-167a. The primary issue of this appeal is whether the trial court improperly admitted evidence of the defendant's prior arrest for carrying a pistol without a permit. We affirm the judgment of the trial court.

The jury reasonably could have found the facts that follow. The defendant owns a convenience store in New Haven. On Sunday, November 24, 1996, four police officers entered the defendant's store to investigate complaints of illegal beer sales. The officers observed that the beer coolers were uncovered and that the doors to the coolers were not locked, in violation of the state liquor laws. See General Statutes § 30-1 et seq. Soon thereafter, the defendant entered the store and requested that the officers leave the premises. When the officers attempted to inspect the coolers, the defendant stood between the officers and the coolers and refused to move. The defendant was told that he would be arrested if he did not step aside. The defendant continued in his refusal to move and the officers attempted to place him under arrest. An altercation ensued between the defendant and the officers in which the defendant received a laceration on his forehead. The defendant was treated for his injuries, arrested and charged with the crime of interfering with an officer.

At trial, the defendant presented a character witness who testified to the general reputation of the defendant in the community in which his store was located and that the defendant was not a violent person. The defendant, acting pro se, asked the witness whether she thought the defendant was a violent person and she replied, "No, I don't . . . ." On cross-examination, the

state asked the witness, over the defendant's objection, whether she was aware of the fact that the defendant had been arrested for carrying a pistol without a permit and whether that would change her opinion of the defendant as a nonviolent person. The witness replied that she was aware of the arrest and that it would not change her opinion of the defendant.

On redirect, the defendant questioned the witness about his prior arrest and the fact that the charge was dismissed. The state objected and the trial court sustained the objection. During the colloquy following the objection, the court and the state, in the presence of the jury, stated that there was no evidence of the defendant's conviction on the charge. The jury was then excused and the trial court reminded the defendant that, pursuant to an earlier discussion in chambers between the parties, the defendant was not allowed to question the witness about the specifics of the arrest, including the dismissal of the charge. When the jury returned, the trial court instructed the jury to disregard the defendant's question relating to the dismissal of the charge.

The defendant claims that although the questioning of the witness concerning the defendant's character as a nonviolent person may have opened the door for the state to impeach the credibility of the witness as to her opinion of the defendant's nonviolence, the state's questions on cross-examination had to be limited to that issue alone.[1] According to the defendant, the evidence of his arrest for carrying a pistol without a permit

---

[1] The state claims that the defendant is precluded from arguing on appeal that the question asked of the character witness was improper because it was immaterial and irrelevant to the question of the defendant's nonviolent character. The defendant clearly objected on the ground that the question was improper because the charge of carrying a pistol without a permit was eventually dismissed after the defendant completed a period of accelerated rehabilitation. Although less artfully expressed, the defendant also claimed that the question should not be allowed because the arrest did not prove

does not relate to the character trait of nonviolence and is not relevant to the issue of whether the defendant is a violent person because, alone, the carrying of a gun is not indicative of whether a person is violent. We are not persuaded.

"Character may be proved by testimony concerning the accused's general reputation in the community as to the trait. *State* v. *Blake*, 157 Conn. 99, 104, 249 A.2d 232 [1968]. The law in this state also allows proof of character by the testimony of those who have had an opportunity to form, and have formed, an opinion as to whether the accused possessed a particular character trait. . . . Whether or not the accused produces testimony of reputation or opinion to prove a trait, the prosecution may not use specific acts of misconduct to disprove the trait." (Citations omitted.) *State* v. *Martin*, 170 Conn. 161, 163, 365 A.2d 104 (1976). "Nonetheless, the state is allowed to test the basis for the witness' opinion." *State* v. *Pettersen*, 17 Conn. App. 174, 183, 551 A.2d 763 (1988), on appeal after remand, 20 Conn. App. 288, 566 A.2d 714 (1989), cert. denied, 213 Conn. 814, 569 A.2d 550 (1990).

Although the state may not disprove the trait in question by the introduction of evidence of prior acts of misconduct, it may cross-examine a character witness by referring to prior acts of misconduct relevant to that trait. *State* v. *McGraw*, 204 Conn. 441, 446–47, 528 A.2d 821 (1987). "The purpose of such cross-examination is not to contest the defendant's own veracity but rather to test the basis of the opinion offered by the character witness"; id., 447; and "to test the credibility of the character witness by ascertaining his good faith, his source and amount of information and his accuracy." (Internal quotation marks omitted.) *State* v. *Ostolaza*, 20 Conn. App. 40, 46, 564 A.2d 324, cert. denied, 213

that he was violent. We, therefore, address the propriety of the question on both bases.

Conn. 808, 568 A.2d 793 (1989). "The question should not be extended to the details of the acts." *State* v. *Martin*, supra, 170 Conn. 165.

"The trial court has wide discretion to determine the relevancy of evidence and the scope of cross-examination. Every reasonable presumption should be made in favor of the correctness of the court's ruling . . . ." (Internal quotation marks omitted.) *State* v. *Sullivan*, 244 Conn. 640, 653, 712 A.2d 919 (1998). Our review of evidentiary rulings is limited. "Evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Alvarez*, 216 Conn. 301, 306, 579 A.2d 515 (1990); see also *State* v. *Robinson*, 227 Conn. 711, 732, 631 A.2d 288 (1993); *State* v. *Boles*, 223 Conn. 535, 549, 613 A.2d 770 (1992).

In the present case, the defendant elicited testimony from a character witness concerning her opinion of the defendant as a nonviolent person. That testimony opened the door for the state to cross-examine the witness by reference to prior acts of misconduct relating to the trait of nonviolence. On cross-examination, the state asked the witness if she was aware of the fact that the defendant had been arrested for carrying a pistol without a permit and whether that knowledge altered her opinion regarding the defendant's nonviolent character. In cross-examining the witness, the state attempted to test the basis of the witness' opinion, but did not offer evidence of specific acts of misconduct. See *State* v. *McGraw*, supra, 204 Conn. 447 ("[t]he phrasing 'were you aware' and the follow-up question whether the fact of the arrest changed the witness' opinion of the defendant's reputation for honesty indicate that the prosecution sought to test the basis of [the witness'] opinion, not to challenge the defendant's credibility"); see also *State* v. *Martin*, supra, 170 Conn. 164–65.

"To be admissible, the character evidence that a defendant seeks to introduce must be limited to specific traits and relevant to the offense charged. . . . During its cross-examination of [the character] witness, the state, in turn, may not refer to acts of misconduct that are irrelevant to the traits that the defendant has placed in evidence." (Citations omitted.) *State* v. *McGraw*, supra, 204 Conn. 448. "The determination of relevance must be made according to reason and judicial experience. *Robinson* v. *Faulkner*, 163 Conn. 365, 371, 306 A.2d 857 [1972]. That determination requires the exercise of the court's discretion. *State* v. *Blyden*, 165 Conn. 522, 531, 338 A.2d 484 [1973]." *State* v. *Martin*, supra, 170 Conn. 166.

We conclude that an arrest on charges of carrying a pistol without a permit is relevant to the trait that the defendant put at issue, namely, nonviolence. A defendant's possession or use of guns relates to the issue of nonviolence. See generally *State* v. *Colton*, 227 Conn. 231, 260, 630 A.2d 577 (1993), on appeal after remand, 234 Conn. 683, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996); *State* v. *Girolamo*, 197 Conn. 201, 207, 496 A.2d 948 (1985). People do not usually carry guns without permits unless they are willing to resort to the use of guns if the necessity arises or unless they intend to commit acts of violence.

The defendant also claims that the admission of the evidence of the prior arrest, without a factual basis, coupled with the instruction to the jury to disregard the testimony that the charge had been dismissed, constituted harmful error and undermined the defendant's right to a fair trial. This claim must also fail. Our Supreme Court has held that when a defendant opens the door for the state to cross-examine the witness by reference to prior acts of misconduct relevant to a particular trait, questions "should not be extended to

the details of the acts." *State* v. *Martin,* supra, 170 Conn. 165.

"[T]he fact that [a] defendant's earlier charges were dismissed when he satisfied the conditions of accelerated rehabilitation does not in any way lessen the relevance of the evidence in [a] case." *State* v. *Morowitz,* 200 Conn. 440, 449, 512 A.2d 175 (1986). Here, according to the transcript of the argument on the defendant's objection to the question asked of the character witness, the state and the defendant acknowledged that the dismissal of the earlier charge against the defendant was secured after he satisfied conditions of accelerated rehabilitation. See General Statutes § 54-56e. The trial court properly limited the defendant's questioning regarding the arrest and instructed the jury to disregard the comments of the defendant relating to the dismissal of the charge.

The judgment is affirmed.

In this opinion the other judges concurred.