[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S JUNE 27, 2001, MOTION TO DISQUALIFY
Pursuant to a June 27, 2001, Motion to Disqualify, plaintiff and counterclaim defendant Walter R. Hampton, Jr. has moved to disqualify the law firm of Boatman, Boscarino, Grasso Twachtman from continuing to represent the defendant, Michelle Spencer, in this case.
To summarize and simplify, the plaintiff, Attorney Walter R. Hampton alleges in his November 22, 1999 complaint that the defendant, Michelle Spencer, owes him $33,292.51 in connection with services rendered in obtaining a divorce for her. On March 14, 2000, Ms. Spencer filed an answer with special defenses, and a counterclaim. On November 8, 2001, she filed an Amendment to Counterclaim. The counterclaim alleges attorney malpractice, contending in substance that Attorney Hampton failed to pursue Ms. Spencer's divorce case diligently in a number of ways during discovery and prior to trial. Ms. Spencer asserts in the counterclaim that Attorney Hampton's inadequate representation caused her to be "hindered on the trial in the matters of adequate distribution of marital assets, alimony and child support."
Plaintiff's Motion to Disqualify raises two arguments: first, that Attorney Twachtman's role as counsel in the instant case raises a conflict of interest; and second, that Attorney Twachtman should be disqualified because he will be a necessary witness at trial in the upcoming case. Only the second contention is discussed in this memorandum of decision.
Plaintiff's argument is based on the fact that Attorney Twachtman's firm acted as successor counsel for Ms. Spencer in the underlying divorce action which forms the basis of her counterclaim against Attorney Hampton. It is undisputed that Attorney Twachtman's firm represented Ms. Spencer for a significant period of time — approximately four months — in advance of trial, after she ceased being represented by Attorney Hampton, and that his firm also represented Ms. Spencer at trial in the divorce case. Because Ms. Spencer's claim for damages in her malpractice counterclaim against Attorney Spencer is based, in part, on the outcome of the marriage action in which Mr. Twachtman's firm served as counsel, plaintiff contends, the conduct of Mr. Twachtman's firm will inevitably be brought into question in the instant case. Plaintiff argues that part of his defense in the malpractice counterclaim will be to claim that the conduct of Mr. Twachtman and his law firm — not his own conduct — was what caused any purported damages to Ms. Spencer. (It should be noted that plaintiff in no way claims any improper conduct by Attorney Twachtman or his law firm.)
Oral argument was held on October 25, 2001. Following argument, the Court noted that the pleadings in the case were not closed and that plaintiff had not yet formally alleged that a defense to the counterclaim would be to assert that Mr. Twachtman's firm had negligently represented Ms. Spencer. The court declined to rule given the incomplete state of the pleadings and asked the parties to send the court chambers copies of subsequent pleadings so that the progress of the case could be monitored. (Unfortunately, they neglected to do so.) On February 13, CT Page 1956 2001, the Court received notice from plaintiffs counsel that the pleadings were closed. In his December 7, 2001, special defenses to counterclaim, plaintiff has now formally asserted that if Ms. Spencer suffered damages, it was due, in whole or part, to the negligence of Ms. Spencer's agents for failing to properly represent her interests in the divorce case in a number of ways.
It is axiomatic that motions to disqualify counsel must be evaluated with extreme caution in light of the client's strong interest in being represented by counsel of his or her choice, and to avoid permitting such motions to be used to gain unfair tactical advantage in a case. AmericanHeritage Agency, Inc. v. Gelinas, 62 Conn. App. 711, 725 (2001). (Courts must be solicitous of client's right to freely select counsel of choice.) There is nothing in the record to suggest that the pending motion to disqualify has been filed to inappropriately deprive Ms. Spencer of her counsel of choice. The moving party bears the burden of demonstrating facts that indicate that disqualification is necessary. Somers Associates v. Kendall 2001 Ct. Super 3132-be (J.D. of Windham at Putnam Feb. 23, 2001).
Notwithstanding the importance of permitting litigants to be represented by counsel of their own choosing, there are instances when counsel cannot continue to serve as an advocate, on the one hand, and an important witness, on the other. See Rule of Professional Conduct 3.7, which provides in pertinent part that:
(A) A Lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
1. The testimony relates to an uncontested issue;
2. The testimony relates to the nature and value of legal services required in the case; or
3. Disqualification of the lawyer would work substantial hardship on the client.
None of the exceptions apply in this case. In such instances, the Court has the authority — indeed, the duty — to regulate the conduct of attorneys. State v. Jones, 180 Conn. 443, 448, overruled inpart, State v. Powell, 186 Conn. 547 (1982).
As Justice Shea stated in State v. Rapuano, 192 Conn. 228, 231 (1984), "Whenever counsel for a client reasonably foresees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case. See State v. Blake, 157 Conn. 99, CT Page 1957 102-103, 249 A.2d 232 (1968) . . ." (Emphasis added). Disqualification is not required in every instance in which an attorney may be called to testify; it is only required when the testimony will be "necessary," not merely useful. A finding of necessity takes into account such factors as "the significance of the matters, weight of the testimony, and availability of other evidence." Roosevelt Building Product Co., Inc. v.Morin Corporation, 30 Conn.L.Rptr. No. 9, 331 (October 15, 2002). See also Rules of Professional Conduct, Comments, Rule 3.7. ("Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.")
Plaintiff's Dec.7, 2001, counterclaim has formally put into play the conduct of Mr. Twachtman's firm. It is foreseeable — indeed, highly likely — that the conduct of Mr. Twachtman, and at least one other lawyer in his firm, will require Mr. Twachtman to testify. This testimony promises to provide a significant part of Attorney Hampton's defense on the counterclaim. It is foreseeable that it will be important to his counterclaim, and that the testimony which will be elicited from Mr. Twachtman, and perhaps others in his firm, will not be available through alternative sources. More specifically, it is entirely predictable that Attorney Hampton's defense on significant contested issues relating to causation, damages, and comparative negligence will require testimony by Attorney Twachtman and Attorney Grasso. At oral argument, Attorney Hampton's counsel suggested an expert witness might be retained to testify about the performance of Attorneys Twachtman and Grasso. It takes little imagination to foresee a closing argument in which counsel in Attorney Twachtman's firm is forced to defend his own firm's handling of Ms. Spencer s divorce case. The record is now sufficiently developed to allow the Court to rule. See Somers and Associates v. Kendall, 2001 Ct. Super. 3132-be (February 23, 2001). The court concludes that the plaintiff has met his burden of demonstrating facts which indicate that disqualification is necessary.
Attorney Twachtman's argument that his firm ought not to be disqualified because his partner, Attorney Grasso, tried the case to conclusion is not persuasive. Attorney Twachtman himself was involved in the pretrial aspect of the case. Plaintiff's special defense implicates both the pretrial and trial aspects of the handling of the divorce case. It is foreseeable, therefore, that at least two members of the firm will testify concerning significant, contested facts directly relating to plaintiffs special defense.
Rule 3.7(b) states that "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." This does not mandate a different result given the clear teaching of State v.CT Page 1958Rapuano. See also Rule 1.10(a), which states that:
"While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2."
Nor does the Court conclude that granting this motion will cause defendant undue hardship. Plaintiff raised the disqualification issue with defendant via correspondence of July 7, 2000. and again during a May, 2001 pretrial conference. Moreover, at oral argument on October 25, 2001, the Court indicated that it was foreseeable that Attorney Twachtman s continued involvement in the case could place Mr. Twachtman's law firm in an untenable position at trial. More importantly, trial is not scheduled to commence until April 10.
Finally, the Court rejects the argument that the decision in Gauthierv. Kearns, Conn. Sup. 166 (2001) provides a basis for denying plaintiff's motion. There is no appellate court decision directly on point andGauthier, even if relevant, is not controlling.
For the above reasons, plaintiff's June 27, 2001 Motion to Disqualify is granted with respect to Attorney Twachtman and his entire firm.
 ___________________ Douglas S. Lavine Judge, Superior Court