STATE OF CONNECTICUT *v.* ROBERT W. PETTERSEN
(7818)

DALY, FOTI and LAVERY, Js.

Argued November 3—decision released November 28, 1989

*John J. Carta, Jr.,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Michael Dannehy* and *Julia DiCocco Dewey,* assistant state's attorneys, for the appellee (state).

PER CURIAM. The defendant appealed from the judgment of conviction, after a jury trial, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and risk of injury to a child in violation of General Statutes § 53-21. The matter was remanded to the trial judge for the purpose of conducting an in camera inspection of the psychiatric records of the victim. *State* v. *Pettersen,* 17 Conn. App. 174, 551 A.2d 763 (1988). After obtaining the written consent of the victim and her mother, the trial judge complied with the order on remand and found "that there is no relevant evidence in the victim's psychiatric records which would be admissible for impeachment purposes and that, notwithstanding nonaccess to said records, the defendant was not denied the right of cross-examination guaranteed to him by the Sixth Amendment of the United States Constitution." The defendant claims that the trial court erred in making that finding.

We have reviewed the psychiatric records submitted as sealed exhibits and after a careful and thorough examination we conclude that the trial court did not abuse its discretion in denying the defendant access to the privileged material. *State* v. *D'Ambrosio,* 212 Conn. 50, 58–59, 561 A.2d 422 (1989).

There is no error.