STATE OF CONNECTICUT *v.* TERRY ALAN RICE
(8295)

SPALLONE, DALY and LANDAU, Js.

Argued May 29—decision released September 3, 1991

*Carol R. Goldberg,* assistant public defender, with whom, on the brief, was *William Holden,* public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorey, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Linda V. Howe,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant was tried to a jury on an information charging him with robbery in the first degree pursuant to General Statutes § 53a-134 (a) (4).[1] He was convicted and claims on appeal (1) that the trial court failed to instruct the jury adequately on the essential elements of the offense and thus deprived the defendant of his due process rights, (2) that the trial court improperly instructed the jury on unsupported theories of liability, and (3) that the evidence was insufficient to support a conviction of robbery in the first degree. We affirm the judgment of the trial court.

On the basis of the evidence presented at trial, the jury could reasonably have found the following facts. On August 7, 1988, at approximately 1 p.m., the victim was standing on the sidewalk at a bus stop in Bridgeport. The defendant drove a red Ford Taurus past him, backed up and parked parallel to the sidewalk in front of him. The victim was facing the passenger side of the vehicle. The defendant got out of the car, walked around it, approached the victim and demanded his jewelry. The victim did not acquiesce.

---

[1] General Statutes § 53a-134 provides in pertinent part: "ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . . Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime."

After the defendant repeated his demand, and the victim again did nothing, another man exited from the passenger side of the car and displayed a .357 magnum gun. The victim then gave the defendant two rings, a chain and some money.

The defendant first claims that the trial court failed to inform the jury that it must find that the defendant had the intention to display a gun or had knowledge that a gun was displayed in order to convict him of robbery in the first degree pursuant to § 53a-134 (a) (4). He claims that this knowledge or intent is an essential element of the crime. We do not agree.

The state, in its substitute information, charged that "in the course of the commission of the crime another participant displayed what he represented by his words and conduct to be a firearm" in violation of § 53a-134 (a) (4).

A plain reading of the statute indicates that a defendant need not possess the intent to display or threaten to use the weapon himself. Rather, the statute requires that the defendant have the intent to deprive another of property and does so by physical force.[2] The crime is then classified as robbery in the first degree if the defendant or another participant displays or threatens to use a firearm. General Statutes § 53a-134 (a) (4); see *State* v. *Rivera,* 200 Conn. 44, 509 A.2d 505 (1986). The intent to display the gun or the knowledge of its exis-

---

[2] Robbery occurs when "in the course of committing a larceny, [a person] uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny." General Statutes § 53a-133.

Larceny occurs when "with intent to deprive another of property or to appropriate the same to himself or a third person, [a person] wrongfully takes, obtains or withholds such property from an owner." General Statutes § 53a-119.

tence, therefore, is not an essential element of the crime and the defendant's claim is without merit.

The defendant also claims that the trial court improperly charged the jury on accessorial liability because this theory is unsupported by the evidence.

"It is well established in this state that there is no such crime as ' "being an accessory." ' *State* v. *Foster,* 202 Conn. 520, 528, 522 A.2d 277 (1987). Rather, the accessory statute, General Statutes § 53a-8, merely provides an alternative theory under which liability for the underlying substantive crime may be proved. *State* v. *Harris,* 198 Conn. 158, 163, 502 A.2d 880 (1985). '[A] defendant may be convicted as an accessory even though he was charged only as a principal as long as the evidence presented at trial is sufficient to establish accessorial conduct.' *State* v. *Fleming,* 198 Conn. 255, 268 n.15, 502 A.2d 886, cert. denied, 465 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986)." *State* v. *Hopkins,* 25 Conn. App. 565, 568–69, 595 A.2d 911 (1991). Therefore, the fact that the defendant was not formally charged as an accessory does not preclude his being convicted as such. *State* v. *Crump,* 201 Conn. 489, 493, 518 A.2d 378 (1986).

A trial court is required to give jury instructions that are accurate in law, adapted to the issues and adequate to guide the jury in reaching a correct verdict. *State* v. *Butler,* 207 Conn. 619, 636, 543 A.2d 270 (1988). A review of the record reveals that the trial court, on the basis of the nature of the charge, the involvement of a participant, and the evidence, properly instructed the jury on accessorial liability.

The defendant, as part of his second claim, also states that "[t]he court stated for the jury that 'the evidence in the case, quite obviously, suggests that another individual—that more than one individual [was] involved in this robbery.' " The defendant asserts that by mak-

ing this statement the court "found for the jury that it was a robbery that occurred, thus taking the decision out of the hands of the jury." A review of the record reveals that in actuality the court stated "that more than one individual is involved in this *alleged* robbery." (Emphasis added.) The defendant's claim, therefore, is wholly without merit.

Finally, the defendant argues that the evidence adduced at trial was insufficient to sustain a conviction for robbery in the first degree.

"Appellate analysis of a claim of insufficiency of the evidence requires us to undertake a twofold task: We must first review the evidence construing it in the light most favorable to sustaining the trial court's verdict. . . . ' " 'We then determine whether, upon the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt . . . .' " ' " (Citations omitted.) *State* v. *Avis*, 209 Conn. 290, 309, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989).

Construing the evidence in the light most favorable to sustaining the trial court's judgment, we conclude that the jury reasonably found that the defendant was guilty beyond a reasonable doubt. The evidence reasonably supported a finding that the defendant had the intent to deprive the victim of his jewelry, that he wrongfully obtained the victim's property by threatening the immediate use of physical force, and that the defendant's companion during the commission of this crime displayed a firearm.

The judgment is affirmed.

In this opinion the other judges concurred.