### STATE OF CONNECTICUT *v.* JOHN PAUL (10652)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued December 13, 1993—decision released February 1, 1994

*Lauren Weisfeld,* assistant public defender, for the appellant (defendant).

*Jack W. Fischer,* assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan,* state's attorney, and *Maureen V. Ornousky,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant, John Paul, appeals from the judgment of conviction of assault of a peace officer in violation of General Statutes § 53a-167c (a) (1)[1] and interference with an officer in violation of General Statutes § 53a-167a (a).[2] The defendant claims that the trial judge's absence during voir dire constituted reversible error.[3] We reverse the judgment of the trial court.

The jury could reasonably have found the following facts. During an investigation of the Private Club in Stamford, Richard Conklin and Larry Eisenstein, Stamford police officers, found several small bags of heroin under the carpet near where the defendant was sitting. Conklin and the defendant were acquainted before this incident. Conklin informed the defendant, who was wearing a leg cast and using crutches, that he was being arrested for narcotics violations.[4]

Conklin's search of the defendant produced a wad of money, which the defendant grabbed and refused to yield. Despite the officer's explanation that the money was evidence and that the defendant would receive a receipt, the defendant refused to release it.

---

[1] General Statutes § 53a-167c (a) provides in pertinent part: "A person is guilty of assault of a peace officer . . . when, with intent to prevent a reasonably identifiable peace officer . . . from performing his duty, and while such peace officer . . . is acting in the performance of his duties, (1) he causes physical injury to such peace officer . . . ."

[2] General Statutes § 53a-167a (a) provides: "A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer . . . in the performance of his duties."

[3] The defendant also raises other claims on appeal. We need not address them, however, as our decision requires a new trial.

[4] The defendant was acquitted of possession of heroin with intent to sell in violation of General Statutes § 21a-278 (b).

A struggle ensued, during which the defendant hit Conklin with one of his crutches and kicked Eisenstein with his uninjured leg. After a third officer arrived, the defendant was subdued and handcuffed.

The defendant elected to have a jury trial. During voir dire, the judge retired to his chambers and permitted jury selection to continue in his absence. "[T]he trial judge's absence from the courtroom during voir dire in a criminal trial is per se reversible error." *State v. Patterson*, 31 Conn. App. 278, 303, 624 A.2d 1146, cert. granted, 227 Conn. 901, 630 A.2d 72 (1993). Thus, this case is controlled by our decision in *Patterson*.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.