## State of Connecticut *v.* Omar Lopez
## (11458)

O'Connell, Landau and Schaller, Js.

Argued March 1—decision released June 21, 1994

*Neal Cone,* assistant public defender, for the appellant (defendant).

*Judith Rossi,* assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, and *James Bernardi,* assistant state's attorney, for the appellee (state).

Landau, J. The defendant appeals from the trial court's judgment of conviction, rendered after a jury trial, of eighteen counts of illegal sale of narcotics[1] in violation of General Statutes § 21a-277 (a).[2] The defend-

---

[1] The defendant was found guilty of eighteen counts of the sale of narcotics in violation of General Statutes § 21a-277 (a), one count as a principal and the remaining counts as an accessory pursuant to General Statutes § 53a-8.

[2] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance,

ant claims that the trial judge improperly (1) failed to be present in the courtroom during the voir dire process, (2) denied his motion for judgment of acquittal on three counts of accessory liability on the ground that the evidence was insufficient to sustain the verdict, and (3) instructed the jury as to reasonable doubt and the presumption of innocence.[3] We reverse the judgment of the trial court because the trial judge's absence from the courtroom during voir dire in this criminal trial is improper. We address the defendant's second claim for reasons stated herein.

The facts of this case are as follows. In October, 1990, the statewide narcotics task force and the Stamford police department began an undercover investigation of the defendant, who was suspected of the illegal sale of narcotics in the city of Stamford. On several occasions, Detective Carlos Cotto, wearing a body microphone, posed undercover as a drug purchaser. Over a six month period, the investigation team recorded eighteen separate transactions between Cotto and the defendant. When possible, a surveillance team videotaped the drug transactions between the defendant and Cotto.

The defendant elected to be tried by a jury. During the voir dire, the trial judge was not present in the courtroom and permitted jury selection to be conducted in his absence. On April 2, 1992, a jury convicted the

except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

[3] Because the resolution of the defendant's first two claims is dispositive of the appeal, it is unnecessary to reach the defendant's third claim.

defendant of eighteen counts of the sale of narcotics. The defendant appeals his convictions.[4]

The defendant first claims that the trial judge improperly absented himself from the jury selection process. He claims that the judge is required to be present during voir dire as a matter of public policy, the state constitution, the General Statutes, the Practice Book and the federal constitution. Relying on *State* v. *Patterson,* 31 Conn. App. 278, 624 A.2d 1146, cert. granted, 227 Conn. 901, 630 A.2d 72 (1993), the defendant claims that the trial judge's absence from the courtroom during voir dire in his criminal trial was a per se violation of his right to an impartial jury, and, thus, reversible error. The state urges this court to limit our holding in *Patterson* to *Batson* claims[5] only. Alternatively, the state requests that this court reconsider its holding in *Patterson,* and reassess (1) whether the judge's absence from the jury selection process is per se reversible error, and (2) whether the judge's absence constitutes an error that cannot be waived or be held harmless.[6]

This court, having fully addressed the issues presented by this appeal in *State* v. *Patterson,* supra, 31 Conn. App. 278, refuses to revisit them. "[T]he trial judge's absence from the courtroom during voir dire in a criminal trial is per se reversible error." Id., 303; *State* v. *Paul,* 33 Conn. App. 509, 636 A.2d 413 (1994). This case is controlled by our decision in *Patterson.* The judgment is reversed.[7]

---

[4] The facts necessary for the resolution of the defendant's second claim will be set out in the discussion of that claim.

[5] *Batson* v. *Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) (error to exercise discriminatorily peremptory challenge to exclude black venireperson from jury).

[6] The state also urges the court to withhold opinion on this issue until our Supreme Court has the opportunity to review it, and then to order supplemental briefs from both parties consistent with the holding of the Supreme Court. We decline to do so.

[7] During the trial judge's absence, one venireperson was excused by agreement between the state and defense counsel without any questioning, or,

Despite our conclusion that a reversal is required, this court must review the defendant's second claim as to sufficiency of the evidence to determine the appropriate remand.[8] The defendant's second claim is that there was insufficient evidence to support his convictions on three counts of accessory liability. He challenges the convictions involving drug transactions on November 6 and November 15, 1990, and January 3, 1991.

Some additional facts are necessary for the resolution of this issue. On November 6, 1990, Cotto telephoned the defendant's beeper number, as the defendant had instructed him. Cotto waited for the defendant's return call, but that call came from a female whose voice Cotto did not recognize. When Cotto asked to speak with the defendant, the woman informed him that the defendant was not available. Cotto then asked to purchase two eighths of an ounce of cocaine. The woman told him to go to the Paint Products Company parking lot in ten to fifteen minutes. Cotto asked if she was the same woman who had delivered drugs to him previously at the Paint Products Company parking lot and she said that she was. At the Paint Products Company parking lot, Cotto met the woman as planned, got into her car, and asked for her name. She identified herself as Martha, and told Cotto that when he calls the defendant's beeper, the defendant calls her, and she makes the delivery. Cotto gave Martha $360 and

apparently, even without setting foot in the courtroom merely because she wore a hearing aid. In addition, a dispute involving a challenge for cause could not be resolved immediately because, according to staff, the judge was not available. We are aware of the burden of the judges of the trial courts, and yet must recognize the problems deriving from the trial judge's absence.

[8] If the state has failed to present sufficient evidence on the three counts, then the defendant is entitled to an acquittal as to those counts. If the evidence presented is sufficient to sustain the verdict, the state may retry the case upon remand without the threat of a double jeopardy claim. See *State v. Dunn*, 26 Conn. App. 114, 124, 598 A.2d 658 (1991).

received from her two eighths of an ounce of cocaine. A tape recording of the conversation between Cotto and Martha during this transaction was admitted as evidence.

On November 15, 1990, Cotto again called the defendant's beeper number. A female returned his call and Cotto recognized Martha's voice. Cotto requested two eighths of an ounce of cocaine, and was told to go to the "usual place" in thirty to forty minutes. Cotto went to the Paint Products Company parking lot and waited. When Martha arrived, Cotto got into her car, where they exchanged $360 for the drugs and had a brief conversation. Video and audio recordings of this transaction were admitted into evidence.

On January 3, 1991,[9] Cotto telephoned the defendant's beeper number. He then entered the number of eighths of an ounce of cocaine he was interested in purchasing. The defendant had instructed Cotto to use this procedure in order to avoid discussing quantities over the telephone. Since the November 21, 1990 transaction, Cotto had been using this method of ordering. The defendant called back and instructed Cotto to go to the Paint Products Company parking lot. A Hispanic female, not Martha but the same woman who had delivered the cocaine on the previous transaction, arrived at the lot. Cotto gave her $360 and received two eighths of an ounce of cocaine. Both a videotape and an audiotape of the transaction were admitted at trial.

The defendant claims that the evidence of these three transactions did not constitute a sufficient connection to the defendant to support a finding of guilty beyond a reasonable doubt. We disagree.

---

[9] Cotto purchased drugs using basically the same modus operandi on five other occasions between the November 15, 1990 and January 3, 1991 transactions: November 20, November 27, December 5, December 13, and December 21, 1990.

" 'When reviewing a sufficiency of the evidence claim, we first examine the evidence in the light most favorable to upholding the jury's verdict. *State* v. *Avis,* 209 Conn. 290, 309, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989); *State* v. *Rice,* 25 Conn. App. 646, 650, 595 A.2d 947 (1991). We then determine on the basis of the facts established and the inferences that reasonably could be drawn from those facts whether the jury reasonably could have concluded that the *cumulative* effect of the evidence established the defendant's guilt beyond a reasonable doubt. *State* v. *Famiglietti,* 219 Conn. 605, 609, 595 A.2d 306 (1991); *State* v. *Hopes,* 26 Conn. App. 367, 376, 602 A.2d 23, cert. denied, 221 Conn. 915, 603 A.2d 405 (1992). We note that the probative force of the evidence is not diminished because it consists, in whole or in part, of circumstantial evidence rather than direct evidence. *State* v. *Robinson,* 213 Conn. 243, 254, 567 A.2d 1173 (1989).' *State* v. *Lago,* 28 Conn. App. 9, 30, 611 A.2d 866, cert. denied, 223 Conn. 919, 614 A.2d 826 (1992). Our inquiry into whether the evidence in the record would support a finding of guilt beyond a reasonable doubt does not require us to ask if we believe that the evidence established guilt beyond a reasonable doubt, but rather if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' (Emphasis in original.) *State* v. *Boykin,* 27 Conn. App. 558, 563–64, 609 A.2d 242, cert. denied, 223 Conn. 905, 610 A.2d 179 (1992). Once a defendant has been found guilty of the crime charged, we conduct our judicial review of all of the evidence in the light most favorable to the prosecution. Id., 564.'' (Emphasis added.) *State* v. *Hamilton,* 30 Conn. App. 68, 71–72, 618 A.2d 1372 (1993), aff'd, 228 Conn. 234, 636 A.2d 760 (1994).

The three transactions at issue exhibited no departure from the pattern that had been established for con-

ducting business between the defendant and Cotto. The beeper number that Cotto called each time had been given to him by the defendant. On all three occasions, the same beeper number was used, the same persons had delivered for the defendant, and the same place for delivery was used. There is nothing in the record to indicate that Martha was acting on her own in conducting the drug transactions with Cotto on either November 6 or November 15. In fact, she identified herself as the defendant's delivery messenger when she explained that when Cotto called the defendant's beeper number, the defendant called her and she made the delivery. The Hispanic woman who arrived on January 3 had also made a prior delivery for the defendant. The pattern established for purchasing drugs over a six month period did not deviate. We are persuaded on the basis of these facts that the jury reasonably could have concluded that the *cumulative* effect of the evidence established the defendant's guilt beyond a reasonable doubt.

The judgment of the trial court is reversed and the case is remanded for a new trial on all counts.

In this opinion the other judges concurred.