## STATE OF CONNECTICUT *v.* JANICE L. COX
### (12272)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 27—decision released December 27, 1994

*William T. Koch, Jr.,* special public defender, for the appellant (defendant).

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, and *Mary Jean Kanabis* and *Geoffrey Marion,* assistant state's attorneys, for the appellee (state).

E. Y. O'CONNELL, J. The defendant appeals from the judgment of conviction, following a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes

§ 14-227a (a) (1).[1] The defendant claims that the trial judge (1) improperly absented himself from the courtroom during jury voir dire and (2) improperly denied her motion to suppress statements made by the defendant. We affirm the judgment of trial court.

The jury could reasonably have found the following facts. About 1:30 a.m. on September 13, 1991, Officer John Fiore of the Stonington police department was on routine patrol on Route 1 in that town. In the course of his duties, he stopped an erratically operated vehicle and approached the driver's door to speak with the operator, the defendant in this case. Fiore detected a moderate odor of alcohol and noticed that the defendant appeared confused and fumbling when asked to produce her license and registration. He ordered the defendant out of the car and at trial testified as follows concerning his conversation with her.

"[Fiore]: I asked her if she had had—how much she had had to drink.

"[Prosecutor]: What did she respond?

"[Fiore]: She answered, 'A lot.'

"[Prosecutor]: What did she—did she say anything when you asked her to perform field tests?

"[Fiore]: I asked for the field tests and she made a statement to the effect, 'Simply lock me up.' "

After failing field sobriety tests, the defendant was arrested for operating a motor vehicle while under the influence of intoxicating liquor and transported to the police station. For technical reasons, the police were

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor . . . ."

unable to obtain a usable breathalyzer test. The trial court denied the defendant's motion to suppress the roadside exchange between Fiore and the defendant.

## I

The defendant first claims that the trial judge improperly failed to remain in the courtroom during the voir dire jury selection process. She bases this claim on this court's decision in *State* v. *Patterson*, 31 Conn. App. 278, 303, 624 A.2d 1146, cert. granted, 227 Conn. 901, 630 A.2d 72 (1993). In *Patterson,* we held that "the trial judge's absence from the courtroom during voir dire in a criminal trial is per se reversible error"; id.; and cannot be waived. Id., 294. This was the state of the law when the defendant filed her appellate brief on September 9, 1993. On July 26, 1994, the state Supreme Court reversed our decision, holding that "even assuming that the trial judge must be present in the courtroom throughout the voir dire of a criminal trial, the defendant can waive such a requirement." *State* v. *Patterson*, 230 Conn. 385, 390, 645 A.2d 535 (1994). The Supreme Court then proceeded to find a valid waiver in *Patterson.* Id., 390–97.

In the present case, the trial judge addressed the defendant directly, and she clearly waived her right to have the judge present during voir dire.[2] Accordingly,

---

[2] "The Court: All right, we are going to proceed on one count, operating under the influence. Ms. Cox, you have a right to have me present here sitting while the individual venire persons are questioned. I have already talked to your lawyer, Mr. Koch, and he has indicated that you are agreeable to excuse me from that as long as I am either in the next room or here in the building to answer any questions or rule on any problems that come up. Is that all right and agreeable with you?

"[The Defendant]: Yes, Your Honor.

"The Court: All right, you are willing for me not to sit on the bench but I will be, as I say, I'll be either in this room immediately adjacent or in the building at all times while the jury selection is going on in the event that anything comes up.

"[The Defendant]: Yes, Your Honor.

"The Court: All right. And that I assume is all right with you, Ms. Kanabis?

"[Prosecutor]: Yes, Your Honor."

we conclude that the trial court acted properly in accordance with the law in effect at the time the voir dire in this case took place.

Lest this decision be read too broadly by the bench or bar, we hasten to add a caveat. Despite its ruling on this court's *Patterson* decision, the Supreme Court, acting under its supervisory power, declared "that henceforth the trial judge must continuously be present to oversee voir dire in a criminal case. Because this requirement is imposed by [the Supreme Court] pursuant to its supervisory power, the requirement cannot be waived by either party in future criminal cases." *State* v. *Patterson*, supra, 230 Conn. 400. Accordingly, the precedent of our decision here is limited to criminal cases in which the trial judge absented himself, pursuant to a proper waiver, prior to July 26, 1994.

## II

The defendant next claims that the arresting officer was required, under article first, § 8, of the Connecticut constitution[3] to give *Miranda*[4] warnings to the defendant prior to asking her how much she had to drink. Because the officer did not, the defendant concludes that testimony about the roadside exchange should have been suppressed. We do not agree.

The United States Supreme Court has addressed this issue and determined that under the United States constitution roadside questioning of a motorist detained pursuant to a traffic stop does not constitute custodial interrogation mandating *Miranda* warnings. *Berkemer* v. *McCarty*, 468 U.S. 420, 429, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984). The defendant wisely concedes that her claim lacks merit under the United States constitution.

---

[3] The pertinent part of article first, § 8, of the Connecticut constitution provides: "No person shall be compelled to give evidence against himself."

[4] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

On appeal, the defendant briefs her claim solely under the state constitution. This argument, however, was not raised in the trial court. The defendant suggests that she raised the state constitutional issue at trial because her motion to suppress recited that it was filed pursuant to Practice Book § 821, which incorporates the Connecticut constitution by reference.[5] We are not persuaded that this single general reference to the state constitution, unsupported by oral argument, was sufficient to alert the trial court to her claim that she was entitled to greater protection under the state constitution than under the federal constitution.[6]

We are not bound to consider claims of law not distinctly raised in the trial court. *State* v. *Pettersen,* 17 Conn. App. 174, 185, 551 A.2d 763 (1988), on appeal after remand, 20 Conn. App. 288, 566 A.2d 714 (1989), cert. denied, 213 Conn. 814, 569 A.2d 550 (1990). We may, however, consider a claim of constitutional error if it meets the requirements of *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under the *Golding* guidelines, a defendant can assert a constitutional claim, not preserved at trial, only if all of the following conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. If any one of these conditions is missing,

---

[5] Practice Book § 821 provides: "Upon motion of the defendant, the judicial authority shall suppress potential testimony or other evidence if he finds that suppression is required under the constitution or laws of the United States or the state of Connecticut."

[6] In the trial court, the defendant limited her argument to whether the case involved testimonial or nontestimonial evidence.

the defendant's claim will fail. Id., 240. The first prong is implicated in the present case.

*Miranda* warnings are not required unless the defendant is in custody. On appeal, the defendant argues that she was in custody for *Miranda* purposes under the state constitution, even though not in custody under the United States constitution.

Custody for *Miranda* purposes is a factual determination. *State* v. *Ostroski*, 186 Conn. 287, 292, 440 A.2d 984, cert. denied, 459 U.S. 878, 103 S. Ct. 173, 74 L. Ed. 2d 142 (1982). The defendant did not testify as to whether she felt free to leave the scene of the traffic stop. Without an evidentiary hearing applying the stricter constitutional standard urged by the defendant, it is impossible for us to know whether the trial court would have found that the defendant was in custody at the time of the stop.[7]

In declining to review an unpreserved claim of constitutional error, our Supreme Court recently declared that "[s]ince such a determination is a question of fact, even if we were to agree with the defendant [on his interpretation of the Connecticut constitution], we would have to remand the case to the trial court for that factual determination, rather than to grant the defendant a new trial. Since, under the test in *Golding*, we must determine whether the defendant can *prevail* on his claim, a remand to the trial court would be inappropriate. The first prong of *Golding* was designed to avoid remands for the purpose of supplementing the

---

[7] The present case can be distinguished from *State* v. *Torres*, 230 Conn. 372, 378–79, 645 A.2d 529 (1994). In *Torres*, the record contained an undisputed factual basis for a determination of the constitutional claim but there was no determination made by the trial court. Here, the factual basis, as well as the trial court's determination, is lacking, making this case analogous to *State* v. *Stanley*, 223 Conn. 674, 689, 613 A.2d 788 (1992), in which the factual basis did not appear in the record.

record." (Emphasis in original.) *State* v. *Medina*, 228 Conn. 281, 301, 636 A.2d 351 (1994), quoting *State* v. *Stanley*, 223 Conn. 674, 689–90, 613 A.2d 788 (1992).

Because the state constitutional issue was not raised in the trial court and cannot be resolved short of a remand for an evidentiary hearing, we conclude that the record on that issue is inadequate for review.

The judgment is affirmed.

In this opinion the other judges concurred.