STATE OF CONNECTICUT *v.* OMAR LOPEZ
(11458)

O'CONNELL, LANDAU and SCHALLER, Js.

Submitted on briefs December 13, 1994—decision released April 11, 1995

*Neal Cone,* assistant public defender, filed a brief for the appellant (defendant).

*Eugene Callahan,* state's attorney, and *Judith Rossi* and *James Bernardi,* assistant state's attorneys, filed a brief for the appellee (state).

LANDAU, J. This matter is currently before us on remand from our Supreme Court. *State* v. *Lopez,* 231 Conn. 909, 648 A.2d 158 (1994). The defendant appealed from a judgment of conviction, rendered after a jury trial, of eighteen counts of the sale of narcotics in violation of General Statutes § 21a-277 (a),[1] one

---

[1] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

count as a principal and seventeen counts as an accessory pursuant to General Statutes § 53a-8.[2] The defendant claimed that the trial court improperly (1) failed to be present in the courtroom during the voir dire process, (2) denied his motion for judgment of acquittal as to three counts of accessorial liability on the ground that the evidence was insufficient to sustain the verdict, and (3) instructed the jury as to reasonable doubt and the presumption of innocence. When this matter was first before us, we reversed the judgment of the trial court based on *State* v. *Patterson*, 31 Conn. App. 278, 624 A.2d 1146 (1993), rev'd, 230 Conn. 385, 645 A.2d 535 (1994). Upon the granting of certification, the Supreme Court remanded the case to this court with direction to reconsider the defendant's claims in light of *State* v. *Patterson*, 230 Conn. 385, 645 A.2d 535 (1994).[3]

"The facts of this case are as follows. In October, 1990, the statewide narcotics task force and the Stamford police department began an undercover investigation of the defendant, who was suspected of the illegal sale of narcotics in the city of Stamford. On several occasions, Detective Carlos Cotto, wearing a body microphone, posed undercover as a drug purchaser. Over a six month period, the investigation team recorded eighteen separate transactions between Cotto and the defendant. When possible, a surveillance team videotaped the drug transactions between the defendant and Cotto." *State* v. *Lopez*, 34 Conn. App. 717, 718, 643 A.2d 305 (1994).

---

[2] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[3] We do not address the defendant's second claim, regarding the sufficiency of the evidence as to three counts, in that we have decided it previously. *State* v. *Lopez*, 34 Conn. App. 717, 723, 643 A.2d 305 (1994).

The defendant was represented by counsel and elected to be tried by a jury. During the voir dire, which took four days, the trial judge was not present in the courtroom. At no time during the proceedings did the defendant object to the judge's absence. Rather, it is apparent from the record that both parties acquiesced to the judge's absence. Only when the assistance of the judge was required did the judge return to the courtroom. On April 2, 1992, the jury convicted the defendant of eighteen counts of the sale of narcotics.

## I

The defendant first claims that the trial judge improperly failed to be present in the courtroom during the voir dire process. In *State* v. *Patterson,* supra, 31 Conn. App. 303, we held that "the trial judge's absence from the courtroom during voir dire in a criminal trial is per se reversible error" and cannot be waived. This was the state of the law when the defendant filed his appellate brief on August 2, 1993. On July 26, 1994, the state Supreme Court reversed our decision, holding that "even assuming that the trial judge must be present in the courtroom throughout the voir dire of a criminal trial, the defendant can waive such a requirement." *State* v. *Patterson,* supra, 230 Conn. 390.

As to what constitutes a valid waiver in cases where the judge is not present during the voir dire process in a criminal trial, the court stated that "[t]he waiver can be made by counsel, and it will ordinarily be inferred from the absence of an objection." Id., 396. In *Patterson,* the court found that the presence of certain facts indicated a valid waiver. The defendant was represented by counsel and had prior experience with the criminal justice system. The defendant had acquiesced each time the judge left the courtroom and had requested the court's presence only when a judicial

determination needed to be made. Further, the defendant did not object to the judge's absence during the voir dire. Id.

The issue thus becomes whether the defendant waived the right to have the judge present during the voir dire proceedings. The record indicates a valid waiver in this case. The defendant was represented by counsel and did not object to the judge's absence. The only time the judge's presence was requested by the defendant was when a judicial determination needed to be made. Accordingly, we conclude that the trial court acted properly.[4]

## II

The defendant next claims that the trial court's jury instructions improperly diluted the state's burden of proving guilt beyond a reasonable doubt and undermined the presumption of innocence. Specifically, the defendant challenges the following statements made by the trial court in its charge: (1) "A reasonable doubt is a doubt for which a valid reason can be assigned"; (2) "If you can in reason reconcile all the facts which you find proved with any reasonable theory consistent with the innocence of the accused, you cannot find him guilty"; (3) "A reasonable doubt is not a doubt which is raised by someone simply for the sake of raising doubts, nor is it a doubt suggested by the ingenuity of counsel or any of the jurors which is not justified by

---

[4] As we stated in *State* v. *Cox*, 36 Conn. App. 463, 466, 652 A.2d 520 (1994), this decision is not to be read too broadly as its precedent applies only to criminal cases in which the judge was absent from voir dire, pursuant to a valid waiver, prior to July 26, 1994. "Despite its ruling on this court's *Patterson* decision, the Supreme Court, acting under its supervisory power, declared 'that henceforth the trial judge must continuously be present to oversee voir dire in a criminal case. Because this requirement is imposed by [the Supreme Court] pursuant to its supervisory power, the requirement cannot be waived by either party in future criminal cases.' *State* v. *Patterson*, supra, 230 Conn. 400." *State* v. *Cox*, supra, 466.

the evidence or lack of evidence"; (4) "It is the kind of doubt which in the affairs which concern you in every day life, you pay some heed or attention to"; (5) "The law is made to protect society and innocent persons, not to protect the guilty ones"; and (6) "[P]eople look to you as sworn officers of the court, to deal fairly, firmly, honestly and justly, as strong-minded men and women, with the interest placed in your hands as an arm of the court, to aid in upholding the law of the land and render a verdict of guilty if the facts and law require such a verdict."[5]

The defendant concedes that this issue was not properly preserved for appeal and now seeks review pursuant to the *Evans-Golding* doctrine, which requires that "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant to the particular circumstances." *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

The defendant's claim fails to satisfy the third prong of *Golding*. The court's instructions are the same or

---

[5] The defendant submitted a request to charge on reasonable doubt that stated: "A reasonable doubt is a doubt for which a valid reason can be assigned. It is a doubt which is something more than a guess or surmise. It is not conjecture or a fanciful doubt. A reasonable doubt is not a doubt which is raised by someone simply for the sake of raising doubts. Nor is it a doubt suggested by the ingenuity of counsel or any of the jurors, which is not justified by the evidence or lack of evidence."

similar to jury instructions that have been approved by this court and by the Supreme Court. See, e.g., *State* v. *Stanley*, 223 Conn. 674, 695–96, 613 A.2d 788 (1992); *State* v. *Thomas*, 214 Conn. 118, 119–20, 570 A.2d 1123 (1990); *State* v. *Payne*, 31 Conn. App. 370, 379–80, 625 A.2d 231, cert. denied, 227 Conn. 901, 630 A.2d 73 (1993); *State* v. *Leonard*, 31 Conn. App. 178, 199–201, 623 A.2d 1052 (1993); *State* v. *Johnson*, 29 Conn. App. 584, 590, 617 A.2d 174 (1992), appeal dismissed, 228 Conn. 59, 634 A.2d 293 (1993) (certification improvidently granted). Thus, when viewed in the context of the entire charge, the challenged instructions did not lessen the state's burden to prove the defendant guilty beyond a reasonable doubt and did not undermine the presumption of innocence.

We cannot conclude, therefore, that the alleged constitutional violation clearly exists and clearly deprived the defendant of his right to a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.