CINDY PUGLIO ET AL. *v.* NICHOLAS PUGLIO ET AL.
(6644)

BORDEN, SPALLONE and O'CONNELL, Js.

Argued May 3—decision released June 13, 1989

*Sid M. Miller,* for the appellants (plaintiffs).

*John R. Bryk,* with whom was *Anthony T. Varone* and, on the brief, *Linda R. Stark,* for the appellee (named defendant).

*Frederic S. Ury,* for the appellees (defendant Michael Hines et al.).

SPALLONE, J. The plaintiffs appeal from the judgment of the trial court rendered in favor of the defendants in an action to foreclose a mortgage on real estate.

The plaintiffs have alleged seven claims of error, six of which implicate the fact-finding function of the trial court and are without merit. The plaintiffs' sixth claim of error, however, that the trial court erred in refusing to allow Vincent P. Adley to testify on behalf of the plaintiffs, is valid and dispositive of this appeal. We agree with the plaintiffs that it was error on the part of the trial court to refuse to allow Adley to testify as a rebuttal witness for the plaintiffs.

The facts pertinent to this claim of error are essentially as follows. Acting as counsel for the plaintiffs, Adley had originally commenced the foreclosure action on their behalf. Before trial, however, he resigned from the bar. At the time of trial, he worked in the office of the plaintiffs' counsel as a paralegal. During the trial, he sat at counsel table with the plaintiffs' counsel and assisted in the conduct of the trial. He was introduced to the court as a paralegal employed by the office of the plaintiffs' counsel.

After the defendant Nicholas Puglio rested his case, the plaintiffs called Adley as a rebuttal witness. The defendant Puglio objected and the trial court sustained the objection, ruling that Adley was disqualified from testifying because he had assisted the plaintiffs as a paralegal. The court reasoned that a paralegal may not testify in a trial in which he is rendering assistance for the

same reason that an attorney may not testify in a case in which he is trial counsel.

The court's ruling was erroneous. First, we know of no rule or holding that would automatically disqualify a paralegal from participating as a witness in a case where a member of the law firm at which the paralegal is employed is trial counsel.

Second, even if Adley were acting as a legal advocate for the plaintiffs, he would not thereby automatically have been barred from testifying in the case. An attorney is not disqualified or rendered incompetent to testify when he has participated in the trial of a case, even though testifying as a witness under those circumstances may be violative of the rules of professional conduct and may subject him to disciplinary action. *State* v. *Blake,* 157 Conn. 99, 102, 249 A.2d 232 (1968).

The trial court should have allowed Adley to take the stand and then ruled on the admissibility of his testimony. The court erred in refusing to allow him to testify solely on the the basis of his status as a paralegal or advocate of the plaintiffs.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.