## FIRST CONSTITUTION BANK *v.* JOSEPH M. CALDRELLO ET AL.
### (11807)

DUPONT, C. J., and O'CONNELL and LANDAU, Js.

Argued December 7, 1994—decision released April 11, 1995

*Richard D. Haviland,* for the appellants (named defendant et al.).

*Gail S. Kosto,* for the appellee (plaintiff).

LANDAU, J. The defendants Joseph M. Caldrello and Sandra V. Caldrello[1] (hereafter the defendants) appeal from the judgment of strict foreclosure rendered by the trial court as to property they owned. They claim that the trial court (1) improperly denied Joseph M. Caldrello, appearing pro se, the opportunity to argue at the trial, (2) improperly failed to admit certain bank documents into evidence, (3) improperly failed to permit the defendants' counsel to testify on behalf of the defendants despite having permitted the plaintiff's counsel to testify, and (4) allowed the appearance of an unfair trial. Because we find the third issue dispositive, we need not address the remaining three.

---

[1] While not involved in this appeal, the following parties were also defendants in the underlying action: Donald M. Toresco; Tim Broyles, doing business as Concrete Concepts; Bank of New Haven; Connecticut National Bank; Allen Electric, Inc.; United Builder's Supply, Inc.; Pioneer Credit Corporation; Denrich Leasing Corporation; Master Lease Corporation; Bell Atlantic Tricon Leasing Corporation; K.L.C., Inc., doing business as Keystone Leasing; Soneco Service, Inc.; Bondi & Lenzini Enterprises, Inc.; Norman Wood General Contractors, Inc.; Fleet Credit Corporation; Day Publishing Company, Inc.; New England Capital Corporation; Transamerica Automotive Finance Corporation; Laurence J. Patton; Midatlantic Commercial Leasing Corporation; Capital Resource Leasing, Inc., doing business as Total Leasing, Inc.; Automatic Solar Covers, Inc., doing business as Poolsavers; Monsignor Paul J. St. Onge; Victor Cartier; Cathy Cartier; and Carl Sherman.

The following facts are not in dispute. In November, 1988, the defendants executed a note and mortgage to First Constitution Bank (bank).[2] The bank commenced an action to foreclose the mortgage in September, 1989, alleging that the note had not been paid according to its terms. The defendants filed an answer and counterclaim, in which they denied that the note was in default and alleged an improper setoff by the bank against certain certificates of deposit owned by the defendants.

The trial court heard the foreclosure action on September 3, 4 and 8, 1992. Appearing in court for the defendants on September 3, were Philip Mancini, an attorney, Joseph M. Caldrello, appearing pro se, and Gregory McCauley, an attorney appearing pro hac vice.[3] The proceedings on that day consisted solely of preliminary matters. When the actual trial commenced on September 4, Mancini was not present. It was agreed that Joseph M. Caldrello and McCauley would represent the defendants at the subsequent proceedings.

During the trial, the defendants attempted repeatedly to introduce documents allegedly prepared by the bank, which purportedly showed that the mortgage was current and that the debt owed by the defendants was

---

[2] In December, 1992, First Constitution Bank failed and the Federal Deposit Insurance Corporation became its receiver.

[3] In November, 1991, the defendants filed a request for leave to amend their counterclaim, seeking to add lender liability counts arising from the alleged mishandling by the bank of the defendants' personal accounts. McCauley, a Pennsylvania attorney, was admitted pro hac vice in this matter to represent the defendants for the purpose of handling the lender liability issue only. Although the request for leave to amend had been denied on November 6, 1991, McCauley was present on September 3, due to a pending motion to reargue the defendants' request for leave to amend the counterclaim. Also, as a nonattorney pro se, Joseph M. Caldrello could represent only himself and not Sandra Caldrello. See General Statutes § 51-88.

less than the amount claimed by the bank.[4] The bank objected to each offer on the ground that the documents had not been produced in discovery. The court, relying on Practice Book § 232,[5] ruled each time that the documents were inadmissible, but offered the defendants the opportunity to prove their claim that Mancini had given the documents to the bank. On this point, the court heard the testimony of Richard Lathrop, a lay witness who stated that he saw Mancini produce the documents. The court also heard Joseph M. Caldrello's testimony as to when and where various documents were produced. When the defendants attempted to call Mancini, however, the court refused to permit his testimony, noting that he could not be a counsel of record and a witness.[6] In an oral offer of proof, McCauley stated that Mancini would have testified that all of the documents, with one exception, had been given to the bank long before the trial.

Mancini is not automatically barred from testifying in the case because of his status as a legal advocate for the defendants. "An attorney is not disqualified or rendered incompetent to testify when he has participated in the trial of a case, even though testifying as a witness under those circumstances may be violative of the

[4] The documents, all admitted for identification purposes only, were: (1) an escrow analysis dated August 17, 1992; (2) a statement of mortgage account dated December 31, 1990; (3) a statement of mortgage account dated October 24, 1991; and (4) an escrow analysis dated September 11, 1991.

[5] Practice Book § 232 provides: "If, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested and ordered subject to discovery or inspection or discovers that the prior compliance was totally or partially incorrect or, though correct when made, is no longer true and the circumstances are such that a failure to amend the compliance is in substance a knowing concealment, he shall promptly notify the other party, or his attorney, and file and serve in accordance with Sec. 120 a supplemental or corrected compliance."

[6] The court did allow counsel for the bank to represent that Mancini had not given her the documents in question.

rules of professional conduct and may subject him to disciplinary action. *State* v. *Blake,* 157 Conn. 99, 102, 249 A.2d 232 (1968)." *Puglio* v. *Puglio,* 18 Conn. App. 606, 608, 559 A.2d 1159 (1989). Although an attorney may be in violation of rule 3.7 of the Rules of Professional Conduct,[7] "[t]his does not disqualify or render incompetent, as a witness, an attorney who has participated in a trial, and it is error to refuse to permit him to offer himself as a witness. *Lebowitz* v. *McPike,* 151 Conn. 566, 570, 201 A.2d 469 [1964]; *Miller* v. *Urban,* 123 Conn. 331, 334, 195 A. 193 [1937]; *Sengenbush* v. *Edgerton,* 120 Conn. 367, 370, 180 A. 694 [1935]; *Erwin M. Jennings Co.* v. *DiGenova,* 107 Conn. 491, 497, 141 A. 866 [1928]." *State* v. *Blake,* supra, 102. Furthermore, when Mancini's testimony was offered, it was arguable whether he was representing the defendants since it had been previously agreed that McCauley and Joseph M. Caldrello, pro se, would represent the defendants.

The bank concedes that it was improper for the trial court not to permit Mancini to testify.[8] It argues, however, that the error was harmless. We disagree. In ruling on the admissibility of the documents, the trial court relied on representations made by the bank's counsel that the documents had not been timely produced by Mancini. Although the trial court held a hearing on the

---

[7] Rule 3.7 of the Rules of Professional Conduct provides in pertinent part: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) The testimony relates to an uncontested issue;

"(2) The testimony relates to the nature and value of legal services rendered in the case; or

"(3) Disqualification of the lawyer would work substantial hardship on the client. . . ."

[8] Both parties argue at some length about the fairness of the trial court's permitting the bank's counsel to "testify" while not permitting the defendants' counsel to do so. The attorney for the bank did not testify, but rather made certain representations in response to a question directed to her by the trial court.

admissibility of the documents and heard from a lay witness that Mancini produced the documents, it failed to hear from the person whose responsibility it was to comply with the discovery requests. We cannot say that the result would not have been different had Mancini, the attorney who allegedly produced the documents, been permitted to testify.

Because the ruling of the trial court was improper and not harmless, we must reverse the judgment of the trial court.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.