[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: OBJECTION TO DISCLOSURE OF EXPERT WITNESS (FILE #109)
Plaintiff, Pheasant Chase Associates, Inc. (Pheasant Chase), seeks equitable relief ordering that defendants, Juanita and Sebastian Pestretto (Pestrettos), transfer a certain parcel of land in accordance with the terms of a 1995 purchase agreement. Before the court is Pheasant Chase's objection to the Pestrettos' disclosure of Attorney Nadine Kline Young as an expert witness. Attorney Young is expected to testify that the parties' land purchase agreement "is not on fair and reasonable terms, in light of the subordinate, uncertain and contingent nature of the buyer's payment to the seller."
Pheasant Chase contends that Attorney Young was retained by the Pestrettos to represent their interests and, therefore, may not act as an expert witness under Rule 3.7, Rules of Professional Conduct.[1]
Further, that Attorney Young should not be permitted to testify as an expert "because the proffered evidence amounts to legal argument that the contract in question is not [fair and reasonable]."
Defendants respond that Attorney Young is not their advocate or trial attorney and, therefore, Rule 3.7 is inapplicable. Also, that the subject matter of Attorney Young's testimony is proper and her independence as a witness goes to the weight, not the admissibility, of that evidence. The Pestrettos assert, additionally, that Pheasant Chase's objection is procedurally improper.
Practice Book § 13-4 "is intended to furnish a [party] with the details of [another party's] reliance on expert testimony in order to assist him with the preparation of his case." (Internal quotation marks omitted.) Barrows v. J.C. Penny Co., 58 Conn. App. 225, 231, ___ A.2d ___, (2000). Accordingly, § 13-4 (4) requires any defendant expecting to call an expert witness at trial to "disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial." Defendants have complied with these disclosure requirements.
Pheasant Chase does not challenge Young's qualifications as an expert witness; rather, it argues that Rule 3.7 precludes her from serving as an expert witness because, in reality, she is the Pestrettos' advocate. Rule 3.7(a) provides, in relevant part: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . . ." The rule is designed to prevent prejudice to an opposing party that may arise from an advocate at trial acting as a witness, and, any CT Page 9374-m possible conflict of interest between the lawyer and her client such testimony could. engender. See: Commentary to Rules of Professional Conduct 3.7.
A hearing was conducted on plaintiff's objection. It is not clear that Attorney Young is, or will be, the Pestrettos' advocate at trial. She has not appeared in this case and it is indicated that the attorney of record (from a separate law firm) will be defendants' sole advocate at trial. Thus, at this stage, based on the limited information before the court, the applicability of Rule 3.7 is somewhat questionable. Even assuming that Attorney Young could be considered an advocate based on purported transactional involvement (participation in negotiations giving rise to the disputed agreement), it is conceivable that such presumed status as an advocate would not automatically disqualify her as a witness. See:First Constitutional Bank v. Caldrello, 37 Conn. App. 529, 532-33,656 A.2d 1053 (1995) (although the attorney may be in violation of rule 3.7, she is not disqualified or rendered incompetent as a witness because she participated in the trial); Puglio v. Puglio, 18 Conn. App. 606,608, 559 A.2d 1159 (1989).
Plaintiff also objects to the disclosure based on the description of the expert's anticipated testimony. As stated, defendants' disclosure indicates that. Attorney Young would testify to her experience and qualifications as a commercial real estate attorney, and, "that the purchase agreement . . . is not on fair and reasonable terms, in the light of the subordinate, uncertain and contingent nature of the buyer's payment to the seller." The disclosure further recites that the "substance of the facts and opinions on which Attorney Young is expected to testify will include her experience, the terms of the purchase agreement . . . and effect of plaintiff's performance."[2]
It appears to the court that the defendants are coming rather close to offering expert testimony amounting to conclusions of law. Generally, an expert's testimony on issues of law is inadmissible; however, courts have drawn a distinction between factual conclusions that may be included in an expert's testimony, and opinions embodying legal conclusions that encroach upon the court's duty to instruct on the law. United States v.Belzerian, 926 F.2d 1285, 1294 (2d Cir. 1991). "`It is not for witnesses to instruct . . . as to applicable principles of law . . . the judge can determine equally well.'" Marx Co. v. Diner's Club, 550 F.2d 505,509-10 (2d Cir. 1977). "`The question of interpretation of the contract is for the [trier of fact] and the question of legal effect is for the judge. In neither case do we permit expert testimony.'" Id. CT Page 9374-n
Defendants, at present, have merely filed a disclosure of their expert in proper compliance with Practice Book provisions. In my view, any determination as to what the expert will be allowed to testify should be made by the trial judge, not on an objection to a party's disclosure. See: e.g. Levesque Builders, Inc. v. Hoerle, 49 Conn. App. 751, 760-61
(expert testimony, use of motion in limine as procedural vehicle for invoking trial judge's inherent discretionary power to exclude evidence). Puglio v. Puglio, supra at p. 608 (trial court should have allowed Adley to take the stand and then ruled on the admissibility of his testimony)
For the reasons stated, plaintiff's objection to defendants' disclosure of expert witness is Overruled.
Mulcahy, J.