******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LAVINE, J., concurring. I agree with the majority that it is established law that an appellant must raise and analyze in his principal brief any matters necessary for the determination of his appeal and cannot do so for the first time in his reply brief. I also agree that in this case, the defendant, Ricardo O. Myers, failed to provide in his principal brief any analysis of how the court's allegedly erroneous ruling was harmful. This rule makes perfect sense in ninety-nine out of one hundred cases because it is designed to prevent an appellee from being ambushed by an appellant who holds back an argument and then unfairly springs it on an adversary. See *State* v. *Thompson*, 98 Conn. App. 245, 248, 907 A.2d 1257, cert. denied, 280 Conn. 946, 912 A.2d 482 (2006) (fair that appellant raise all issues in main brief, otherwise appellee would not be alerted to them and have opportunity to respond to them in writing).

Rigid adherence to the rule in this case is unnecessary. Given the facts, the defendant's failure to analyze how he was harmed by the court's evidentiary ruling does not matter. The defendant was charged with one count of murder and two counts of assault in the first degree. The jury found him guilty, and he was sentenced to forty-seven years of imprisonment.

Failure to address this issue now is highly inefficient. The somewhat unusual posture of this case obviates any concern that a plethora of similar cases will find their way to this court. It is likely, however, that the evidentiary issue raised in this appeal may return to this court after it is litigated in a different action and in a different forum. For the sake of judicial economy and in the interests of the parties, I believe this straightforward evidentiary issue should be resolved now. I would reach the merits of the issue presented and would conclude that the trial court's ruling excluding the videotape from evidence should be affirmed.

The defendant's theory of defense at trial was: "I didn't do it. Someone else did." To support his theory, the defendant sought to present Latrell Rountree's videotaped statement to the jury. If the jury believed Rountree, it would have exculpated the defendant, and resulted in a verdict of not guilty. The defendant's claim on appeal that he was harmed is obvious. I, therefore, would review the defendant's claim that he was harmed by the court's sustaining the state's objection to the videotaped statement. I believe that courts should, where possible and fair to all parties, decide cases rather than avoid or delay their resolution.

Rountree's videotaped statement was the *sole evidence* offered by the defendant. Rountree stated that Gary Pope, not the defendant, was the shooter. The

harmfulness of the court's decision to exclude this third-party culpability is evident. The state's brief on appeal demonstrates that it was not surprised or ambushed by the defendant's failure to argue that he was harmed by the court's ruling in his principal brief. The state devoted six and one-half pages of its brief to its argument that Rountree's videotaped statement was not admissible under the residual exception to the hearsay rule.

Appellate courts review the exclusion of evidence offered pursuant to the residual exception to the hearsay rule of the Connecticut Code of Evidence under an abuse of discretion standard. See *State* v. *Shehadeh*, 52 Conn. App. 46, 50, 725 A.2d 394 (1999) (abuse of discretion and showing of substantial prejudice or injustice). Clearly, there was no abuse of discretion here. The court ticked off a list of reasons why it did not conclude that Rountree's videotaped statement was supported by "equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule," as required by § 8-9 (2) of the Connecticut Code of Evidence.[1] Among them were the fact that Rountree's statement was provided without the benefit of an oath; that Roundtree waited six days to provide any information to the police about the death of his friend, the victim, Tirrell Drew; that Rountree only gave his statement when he was under police custody on unrelated charges; that Rountree lied about having viewed a photograph of Pope prior to being shown photographs by the police; that Rountree was under the influence of an intoxicant on the night of the crime; that Rountree gave inconsistent stories about a fight that had allegedly occurred at the time of the incident; that there was no clear evidence of the distance between Rountree and the shooter at the time of the shooting; and that Rountree was not subject to cross-examination at any time.

Because I believe that the defendant's claim of harm with respect to the court's evidentiary ruling is unambiguously self-evident, because I believe this court should reach the substance of the issue presented in this appeal and because I would affirm the trial court's evidentiary ruling, I respectfully concur. To the extent that this conclusion conflicts with the precedents cited by the majority, I believe the circumstances of this case, and the need to conserve the resources of the court and counsel and to resolve this case without further delay, justify this modest departure.

For the foregoing reasons, I respectfully concur.

[1] Section 8-9 of the Connecticut Code of Evidence provides in relevant part: "A statement that is not admissible under any of the foregoing exceptions is admissible if the court determines that . . . (2) the statement is supported by equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule."